THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MICHAEL ANGÉLO, Appellant.

Fourth Department, March 9, 1927.

Crimes — manslaughter, second degree, under Penal Law, § 1052, subd. 3 — victim was killed in collision between automobile, in which she was guest, and defendant's automobile — jury could have found defendant guilty of culpable negligence — reversible error to refuse to charge that if defendant was guilty of slight negligence only, he must be acquitted, and permit jury to determine whether slight negligence was culpable — " culpable " involves element of criminality — whether criminal element is present is for jury — court should have charged definition of negligence and added that culpable negligence was something more than that — court is not required to charge in terms of gross and slight negligence — inflammatory remarks by assistant district attorney are disapproved.

The defendant was charged with the crime of manslaughter in the second degree under subdivision 3 of section 1052 of the Penal Law. The facts show that

the defendant, while driving an automobile at a rate of speed which the jury could have found was excessive, ran into a Ford sedan at a street intersection and inflicted injuries upon a guest therein from which she died immediately.

On the evidence the jury could have found that the death of the guest was due to defendant's culpable negligence. The judgment of conviction must be reversed, however, because of error in refusal to charge.

It was error for the court to refuse to charge that, if defendant was guilty of only slight negligence, he must be acquitted, and to leave to the jury the question whether slight negligence was culpable.

The word " culpable " in the phrase " culpable negligence " involves the element of criminality, and whether that criminal element is present in any given case is a question for the jury.

The court should have charged what constitutes negligence and that culpable negligence was something more than negligence — consisting of aggravated facts and circumstances which, in the minds of the jury, demand criminal punishment.

The court was not required to charge in terms of gross and slight negligence.

Inflammatory remarks by the assistant district attorney, in his summation, are disapproved by the Appellate Division.

APPEAL by the defendant, Michael Angelo, from a judgment of the Supreme Court, rendered on the 29th day of January, 1926, convicting him of the crime of manslaughter in the second degree.

*Lanza, Bell & Montesano* [*Michael J. Montesano* and *Joseph L. C. Bell* of counsel], for the appellant.

*Guy B. Moore, District Attorney* [*John J. Kane, Assistant District Attorney*, of counsel], for the respondent.

CLARK, J.  The defendant has been convicted of the crime of manslaughter in the second degree, in violation of section 1052, subdivision 3, of the Penal Law, the charge being that he caused the death of one Veronica Fee on the morning of the 1st day of November, 1925, in the city of Buffalo, by carelessly and in a culpably negligent manner operating his automobile so it ran into a Ford sedan in which this young woman was a passenger, causing her to be thrown to the pavement, and that she sustained injuries that caused her immediate death.

Miss Fee was sitting at the right of the driver and on the same seat.  They were driving in a westerly direction on West Ferry street, and driving at a speed of from twelve to fifteen miles an hour.  As they reached the intersection of West Ferry street and Elmwood avenue defendant approached from the north driving a Cadillac car at a rate of speed which the jury found to be excessive. There was a collision and Miss Fee was killed.

The jury could find that defendant's car was being driven at a reckless rate of speed at the time of the collision, that he ran

his car into the car in which deceased was a passenger, and that her death was due to his culpable negligence.

The verdict could be sustained were it not for the fact that the learned trial judge in submitting the case to the jury fell into error which we regard as substantial.

In the main charge the learned court in defining culpable negligence stated that " culpable " meant " blamable," and that a slight act of negligence might not be culpable, but the court refused to charge, as requested by counsel for defendant, that if defendant was guilty of only slight negligence he must be acquitted, the court refusing the request if the jury should find that the slight negligence referred to was culpable.

We think this was erroneous, for it was misleading, and must have left the impression with the jury that slight negligence might be considered culpable negligence. We do not understand that to be the law.

The court by way of illustration said: " If this defendant was driving along at a reasonable rate of speed, and from some little error of judgment did some slight negligent act, that, perhaps, might not be in the minds of the jury a blamable act or it might not be culpable negligence."

That in effect permitted the jury to say that even though defendant was driving along at a reasonable rate of speed, and from some little error of judgment and some slight negligent act he caused the death of this young woman, the jury might, or might not, say that he was culpably negligent.

The jury might from this language have understood the court to mean that even a slightly negligent act on the part of the defendant might be deemed culpable, or otherwise, in the discretion of the jury. We think that was erroneous. (*Martin* v. *Herzog*, 228 N. Y. 164, 169.)

The word " culpable " in the phrase " culpable negligence " is something more than a mere epithet; it suggests or indicates some such meaning as criminal and its use was intended to mark a distinction of some sort between the negligence which is merely a tort paid for by money damages and the negligence which is a crime — an offense against society which must be paid for by penal punishment.

The same negligent act may be both a tort and a crime, but there may be negligent acts that are torts and not crimes.

" A distance separates the negligence which renders one criminally liable from that which establishes civil liability." (*People* v. *Rosenheimer*, 209 N. Y. 115, 123.)

" The charge of manslaughter could be sustained only if the

defendant's negligence reached beyond the bounds of lack of skill and foresight where civil liability begins to a point where criminal liability is imposed because the negligence is not merely venal but is 'culpable,' involving fault for which the State may demand punishment." (*Brown* v. *Shyne,* 242 N. Y. 176, 183.)

There can be no concise definition of culpable negligence. The existence of the criminal element is in each case a matter for the determination of the jury in view of all the facts, if different inferences may be drawn from the evidence.

A charge under an indictment for culpable negligence should define negligence clearly and then add that culpable negligence must be something more than that, consisting of aggravated facts and circumstances which, in the opinion of the jury, demand criminal punishment rather than mere civil liability.

If the trial judge is beset, as he was here, with requests to charge in terms of gross and slight negligence he should refuse altogether, or else explain them as having been legally embraced in the definition of negligence already given.

We think the learned trial court erred in the ruling on the requested charge relating to slight negligence, for the jury might have understood the court to mean that slight negligence and culpable negligence meant the same thing, and this was erroneous. In other words, the jury might well have understood from the language of the charge that any negligence, however slight, might be deemed culpable, and with this we do not agree.

While the remarks of the assistant district attorney in his summary do not in and of themselves require a reversal of the judgment, we do not approve of his conduct in using the inflammatory language of which the appellant complains.

The judgment should be reversed on the law and a new trial granted.

All concur.    Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Judgment of conviction reversed and new trial granted; the said reversal is solely for errors of law and not for errors or questions of fact or as a matter of discretion; this court having reviewed all questions of fact and found no error therein.