THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LAURIE PACE, Appellant.

Fourth Department, May 4, 1927.

Crimes — manslaughter, second degree — defendant was convicted under Penal Law, § 1052, subd. 3, for having caused death of another by driving automobile at excessive rate of speed and with "culpable negligence"— deceased was passenger in defendant's automobile — accident occurred when defendant was attempting to pass another automobile immediately ahead of him and going in same direction — instructions — erroneous charge as to "culpable negligence" and excessive speed — new trial granted.

The defendant was convicted of manslaughter in the second degree under an indictment charging him with having violated subdivision 3 of section 1052 of the Penal Law, in that he caused the death of the decedent through his culpable negligence in the operation of an automobile. The evidence shows that the decedent was riding with the defendant; that they were driving along a public highway; that as the defendant approached another automobile from the rear and endeavored to pass, the left wheel of his automobile ran off the shoulder of the road and the automobile turned over, killing the decedent. The evidence as to the speed of defendant's automobile is not definite except that one person riding with defendant testified to a speed of fifty-five miles an

hour shortly before the accident, but did not definitely locate the place where that speed was attained. The defendant testified that he was forced off the road by the automobile in front when it turned sharply to the left as he was passing.

The court committed prejudicial error when it charged the jury that "culpable negligence" must be "culpable or blameworthy or criminal or of such a character that it implies a reckless indifference to the consequences and a disregard for the safety of others." The charge as given in the disjunctive might have led the jury to believe that the defendant could be convicted on a finding of ordinary negligence. While it is difficult to define "culpable negligence" as used in subdivision 3 of section 1052 of the Penal Law, it would seem that the court should define negligence clearly and then add that culpable negligence must be something more than that, consisting of aggravated facts and circumstances which, in the opinion of the jury, demand criminal punishment rather than a mere civil liability. The element of criminality is a part of culpable negligence.

In view of the fact that the evidence was not strongly convincing, the failure of the court to charge the jury clearly was prejudicial error and a new trial is granted.

Likewise the charge that if the defendant exceeded thirty miles an hour for a distance of one-quarter of a mile, that speed was some evidence of reckless driving, was erroneous, since there was no evidence that defendant drove at such speed for one-quarter of a mile.

APPEAL by the defendant, Laurie Pace, from a judgment of the County Court of the county of Chautauqua, rendered on the 19th day of January, 1927, convicting him of the crime of manslaughter in the second degree.

*Michael D. Lombardo,* for the appellant.

*John S. Leonard, Assistant District Attorney,* for the respondent.

TAYLOR, J. Defendant appeals from a judgment convicting him of the crime of manslaughter in the second degree for having caused the death of one Samuel Cammerata on October 4, 1926, by driving an automobile at an excessive rate of speed and with "culpable negligence" along a public highway in Chautauqua county. The decedent was a friend of defendant and a passenger in his automobile.

The People presented testimony to the effect that the pavement was dry, that the automobile was running down a slight grade and that defendant had a clear view for over 1,000 feet ahead of him before reaching the point where the accident occurred. There was no other vehicle near at hand at the time, except a Ford automobile ahead of defendant, going in the same direction.

Excessive speed is the only negligence charged. On that subject the People's witness Fredericks, who was also in defendant's automobile, testified that the defendant's speedometer showed fifty-five miles an hour at an unlocated place before the scene of the accident was reached; and defendant admits that before the mishap occurred

he was going " thirty-two, thirty-three miles an hour." When defendant attempted to pass the Ford he got over on the dirt or shoulder portion of the highway, the rear wheels of his machine slid into the ditch, the automobile tipped over and Cammerata was killed. Defendant testified that as he came opposite the Ford automobile it swung sharply to the left, forcing defendant to the edge of the road. In this defendant is undisputed. From the time defendant's automobile went off the road, with its back wheels in the ditch, it traveled about 82 feet and finally rolled over one and one-quarter times. There were skid marks on the pavement 220 feet from the place where the automobile finally landed.

There was no claim that the defendant was not entirely sober and no evidence other than that above specified to indicate negligence.

The trial court, in explaining the meaning of the expression " culpable negligence " to the jury, said that the negligence must be " culpable or blameworthy, or criminal, or of such a character that it implies a reckless indifference to the consequences and a disregard for the safety of others." Again, upon request, the court charged that " the word culpable is not equal to careless." It will be noted that in the sentence first quoted the court uses the disjunctive, saying " culpable *or* blameworthy, *or* criminal, *or* of such a character," etc. We are of the opinion that from this charge the jury might well have obtained the impression that negligence to the extent of blameworthiness only, failure to use ordinary care (as well as reckless indifference) met the test as to criminal culpability. In *People* v. *Angelo* (219 App. Div. 646) this court said: " There can be no concise definition of culpable negligence. * * * A charge under an indictment for culpable negligence should define negligence clearly and then add that culpable negligence must be something more than that, consisting of aggravated facts and circumstances which, in the opinion of the jury, demand criminal punishment rather than mere civil liability."

We appreciate the difficulty of a near approach to perfection in defining this expression " culpable negligence " as used in section 1052, subdivision 3, of the Penal Law. But in a case like this where the testimony does not point as convincingly as it might to guilt, where the burden of proof resting upon the People has not been sustained to our entire satisfaction, justice to the defendant demanded that the jury should have been clearly informed that culpability, under this manslaughter statute, necessarily implied something more than that lack of caution which is sufficient as a basis for liability in a civil action for damage.

32

The court also said in the charge: " If he exceeded 30 miles per hour for a distance of one-quarter of a mile, it is some evidence of reckless driving." Defendant's counsel took an exception. There was no testimony that defendant drove at such speed for one-quarter of a mile.

Our conclusion is that, everything considered, the interests of justice demand a new trial.

The judgment of conviction should be reversed and a new trial granted.

All concur. Present — HUBBS, P. J., CLARK, CROUCH, TAYLOR and SAWYER, JJ.

Judgment of conviction reversed on the law and facts and new trial granted.