The People of the State of New York, Respondent, *v.* Nathan Saroff, Appellant.

Second Department, October 29, 1929.

*Leon J. Shapiro,* for the appellant.

*Thomas J. Sefton, Assistant District Attorney* [*Charles J. Dodd, District Attorney,* with him on the brief], for the respondent.

Per Curiam. The defendant was driving an automobile northerly on Ocean avenue in the borough of Brooklyn. When he reached Cortelyou road green traffic lights were showing on Ocean avenue. At this point he stopped, his purpose, subsequently executed, being to turn to his left and into Cortelyou road, which he could do only by passing over the lane of south-bound traffic on Ocean avenue. He testified that he knew he could not make this turn until the color of the lights changed to red. His understanding was correct, founded, as it was, upon section 2 and subdivision 2 of section 7 of the traffic regulations adopted by the police commissioner under authority of section 315 of the Greater New York Charter (Laws of 1901, chap. 466, as amd. by Laws of 1914, chap. 455), and which were read before us on the argument by both parties. Section 2 (*supra*) provides in part as follows: " Traffic Control

By Light Signals. a. Where a traffic light control system is in operation a driver must obey all signals therefrom as follows: Green Light: All vehicles toward which it is directed may proceed. Red Light: All vehicles toward which it is directed shall stop at the nearest crossing or white line indicating place of stop, and shall not again proceed until a green light is shown. An interval of several seconds is given between the red and green lights and *vice versa* to permit pedestrians who are crossing at the moment the lights change to reach the sidewalk in safety and to permit vehicles which have entered the area of intersection to pass beyond that area. b. All vehicles approaching a street or avenue controlled by traffic signal lights shall come to a full stop back of the nearest crossing, unless such signal light directs them to proceed. Such vehicles wishing to cross a light-controlled street or make a left turn shall wait until the light on such traffic light controlled thoroughfare is set to permit them to proceed." Subdivision 2 of section 7 (*supra*) provides in part as follows: " Where a traffic control light system is in operation and no police officer is on duty, a vehicle turning to the left into another street shall approach the turning point in the extreme left lane of traffic proceeding in the same direction (exclusive of street car tracks), stand back of the crossing, wait until the traffic on the street controlled by traffic light signals is halted, then pass to the right of and around the turning point." It was undisputed that at the place in question there was no police officer on duty and that traffic was controlled by the light system.

The evidence justified the finding made by the Court of Special Sessions that the defendant did not stop when he reached Cortelyou road, but made his left turn despite the green lights, in doing which he cut off south-bound traffic and ran into and struck down a lady who was walking across the crosswalk of Cortelyou road where it intersects Ocean avenue, this lady testifying that she was proceeding with the green lights showing and assuring her that she was walking in the direction in which traffic was bound.

The Penal Law (§ 244, as amd. by Laws of 1921, chap. 233) defines as guilty of assault in the third degree a person who operates or drives any vehicle of any kind in a culpably negligent manner whereby another suffers bodily injury. The contention is made by the appellant that his acts and conduct did not constitute " culpable negligence." We are of the contrary opinion. To cross a lane of traffic when the customary lights forbid it, in doing which the driver strikes and injures a pedestrian who is proceeding over a crosswalk in the direction permitted to vehicular traffic, is, in the circumstances, more than slight negligence or error of judgment. It constitutes a willful

and reckless act and a " disregard of the consequences which may ensue from the act, and indifference to the rights of others." (*People* v. *Angelo*, 246 N. Y. 451, 457.) A violation of the traffic regulations is, by section 315 of the Greater New York Charter (*supra*), made a misdemeanor punishable by both fine and imprisonment; and hundreds of cases of violation of these regulations, independent of the infliction of personal injury upon the wayfarer, are brought daily before the so-called traffic courts for disposition under this section. When a violation of these traffic regulations is accompanied by negligence in inflicting personal injury upon the wayfarer, the offender may properly be subjected to a charge of assault under the Penal Law (*supra*). We are of the opinion that the conviction was proper in the circumstances, and that the judgment should be affirmed.

Present — LAZANSKY, P. J., RICH, KAPPER, SEEGER and SCUDDER, JJ.

Judgment of conviction of the Court of Special Sessions, borough of Brooklyn, unanimously affirmed.