THE STATE v. LAWTON MELTON, Appellant.—33 S. W. (2d) 894.

Division Two, December 20, 1930.

*Stratton Shartel,* Attorney-General, and *E. G. Robison,* Assistant Attorney-General, for respondent.

BLAIR, P. J.—Defendant was convicted of manslaughter as the result of his alleged culpable negligence, was fined five hundred dollars and has appealed. He has brought up the record of the proceedings and all the evidence, but has not favored us with a brief.

One assignment of error in the motion for new trial is that the trial court erred in submitting the case to the jury. This calls for a brief statement of the facts. A Ford automobile, driven by defendant, struck and fatally injured Mrs. Bertie Hilton in the village of Spokane, in Christian County, on the night of October 19, 1928. Her death occurred within an hour or two thereafter. The evidence authorized a finding by the jury that defendant drove his automobile into Spokane at a speed of twenty miles an hour, approaching a number of people alighting from some automobiles, which had just brought them home from a basket ball game at Sparta; that the lights from said automobiles shining on the windshield of defendant's automobile so blinded him in his approach as to prevent him from having a clear view of the road; that Mrs. Hilton was walking on the highway in plain view at the time she was struck and that defendant's lights were burning and in good condition and that he failed to sound his horn.

We think it was a question for the jury whether or not, under all the facts and circumstances in evidence, defendant, in approaching deceased, and probably others likely to be on the highway, without warning, at a speed of twenty miles an hour, when he was blinded by the lights of other automobiles and unable to be certain that no one of the persons alighting from such other automobiles was on the road in front of him, was so negligent as to indicate a reckless disregard of human life and safety on his part. [State v. Millin, 318 Mo. 553, l. c. 557, 300 S. W. 694; State v. Horner, 266 Mo. 109, 180 S. W. 873; State v. Watson, 216 Mo. 420, 115 S. W. 1011; State v. Emery, 78 Mo. 77.]

The main contention of defendant is that the instruction defining culpable negligence was erroneous in failing to require the jury to find that defendant's conduct was not only negligent, but, under the circumstances, indicated on his part a reckless disregard of human life and safety. Instruction 2, given by the court, which defined culpable negligence, reads as follows:

" 'Criminal or culpable negligence,' within the meaning of the law, is the omission on the part of one person to do some act, under given circumstances, which an ordinarily careful and prudent man would do under like circumstances; or the doing of some act, under given circumstances which an ordinarily careful and prudent man, under like circumstances, would not do, by reason of which omission or action another is directly endangered in life or bodily safety, that is to say: Any act of negligence whereby one party directly brings about the death of another human being is an act of culpable negligence in law; and in this case, before you can find the defendant guilty of the charge contained in the information, you must find and believe from all the evidence, and beyond a reasonable doubt, that the death of Bertie Hilton, as mentioned in these instructions, was due solely and directly to some such act of negligence on the part of the defendant, and of the defendant alone.''

It is apparent that this instruction authorized the jury to find defendant guilty of manslaughter as the consequence of ordinary negligence on his part. An ordinary civil action in damages cannot be maintained, unless the particular negligence results in personal injury or death to another. To make negligent conduct culpable or criminal and make it manslaughter, the particular negligent conduct of the defendant must have been of such a reckless or wanton character as to indicate on his part utter indifference to the life of another who is killed as a result thereof. Thus only may the criminal intent, so essential in a criminal prosecution, properly be found by the jury.

The trial court apparently followed the definition of culpable negligence set forth in State v. Weisman (Mo. Sup.), 256 S. W. 740. While we there said that culpable negligence was correctly defined, the real point decided was that the term ''ordinary care'' was sufficiently defined in the definition of culpable negligence. In State v. Millin, supra, we disapproved the definition of culpable negligence quoted in the Weisman case and demonstrated that the cases there cited really did not support the correctness of that definition. The Millin case was followed by State v. Baublits (Mo. Sup.), 27 S. W. (2d) 16, in which the definition of culpable negligence, given in the case at bar and set forth with apparent approval in the Weisman case, was held to be prejudicial error. The case at bar was tried nearly a year and a half after the Millin case was decided and should have been followed and, in so failing, the trial court erred, as the Attorney-General quite properly concedes. The Weisman case should no longer be followed in this respect and to that extent is overruled.

The erroneous instruction very likely caused the conviction of defendant. The jury had the right to find from the testimony offered

by defendant that he was guilty of nothing more than ordinary negligence, actionable only in a civil suit for damages, if he was negligent at all. It might, and probably would, have acquitted the defendant had it been told that he could be convicted of manslaughter only in the event that his alleged negligence was of such character as to evince a reckless disregard on his part for human life or bodily safety. As it was, the jury assessed against defendant the lowest punishment authorized by the statute.

Other assignments of error are of such character that they are not likely to arise upon another trial. For the error pointed out, the judgment is reversed and the cause remanded. All concur.