THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BENNY WAXMAN, Appellant.

First Department, April 10, 1931.

*Samuel Gottlieb* of counsel [*Bushel & Gottlieb*, attorneys], for the appellant.

*John C. McDermott, Deputy Assistant District Attorney*, of counsel [*Thomas C. T. Crain, District Attorney*], for the respondent.

FINCH, P. J. The information accused the defendant of the crime of assault in the third degree, in that on the 10th day of September, 1929, at the city and county of New York, he " unlaw-

fully did operate and drive a certain vehicle in a culpably negligent manner, whereby one Lena Helfman did suffer bodily injury."

Section 244 of the Penal Law (as amd. by Laws of 1921, chap. 238) controlling this prosecution provides as follows:

" A person who   *   *   *

" 2. Operates or drives or directs or knowingly and wilfully permits any one subject to his commands to operate or drive any vehicle of any kind in a culpably negligent manner, whereby another suffers bodily injury,

" Is guilty of assault in the third degree."

In brief, it appeared that the defendant, a young man nineteen and one-half years of age at the time of trial, had been living in the neighborhood of the scene of the accident for about fifteen years. He was a compositor and worked with a printer. The automobile belonged to his father. The defendant had only had his driver's license for a period of five months. This was the second time he had driven the car. At the time the defendant was engaged upon an errand. The story told by the defendant is that he turned the corner slowly, put the car in second speed and as he approached the curb about half a block distant from the corner a child ran in front of him. In trying to avoid the child the defendant turned fast, not realizing he was so close to the curb, and before he knew it he was up on the sidewalk and there struck a boy and the two front wheels ran into a stoop and struck a girl and the car stopped. He then got out of the car, walked around to the boy and took him down to the doctor's office. That the defendant was deeply affected by the accident is seen by the testimony that he was " pulling his hair."

There are in this record none of the elements which so often form the basis of a charge of reckless driving, such as driving while intoxicated, or at an excessive rate of speed, or in defiance of an ordinance, traffic regulation (*People* v. *Saroff*, 227 App. Div. 114) or command of a police officer. It does not appear that the brakes of the automobile were defective or that the car was in such condition as to render its operation a source of danger. None of these factors upon which a charge might properly be lodged that the defendant was driving culpably appear from the evidence on the part of the People.

The People, however, seek to fasten culpable negligence on the defendant by showing that the defendant admitted that in driving through the street he waved to his little sister on his left, but this waving was not just before he mounted the curb, so it would seem to be immaterial as bearing upon this accident. In addition such

an act would not necessarily show that the defendant willfully disregarded the consequences which might flow from this act and was indifferent to the rights of others, for the ordinary driver could so act with impunity save in an unusual situation.

The State also relies upon the testimony of the defendant that, when he mounted the curb, he was confused and did not know whether he put his foot on the brake or the accelerator. With the car about to mount the curb, the confusion of the defendant and the fact that in this confusion, by mistake, he put his foot upon the accelerator rather than upon the brake situated immediately alongside of the accelerator, would not seem to be unusual when this was the second time that the person had driven a car, and could not be said, upon this record, to be a deliberately wanton or reckless act.

The weight of the evidence in this record does not show that the defendant disregarded the consequences which might ensue from his acts and showed indifference to the rights of others, which must be shown before culpable negligence is proven. (*People* v. *Angelo*, 246 N. Y. 451.) On the contrary, the evidence preponderates in showing that what took place was nothing more at the most than negligence on the part of the defendant, and that a finding of culpable negligence is against the weight of the evidence. To sustain a criminal prosecution as distinguished from civil liability, there must be coupled with the negligent act a reckless and wanton disregard of the rights of others, as, for example, a deliberate defiance of traffic regulations. There are cases innumerable where civil liability has been incurred as the result of improperly operating an automobile due to lack of judgment or want of skill. Through confusion also many green drivers have, by mistake, pushed down upon the accelerator when a similar motion should have been applied to the foot brake alongside. Civil liability, however, in such cases is the limit of responsibility. To sustain a criminal prosecution there must be added a reckless and wanton disregard of the rights of others sufficient to amount to an intent to inflict the injury or at least to be indifferent whether the injury happens or not. (*People* v. *Angelo*, *supra*.)

It follows that the judgment of conviction and the order appealed from should be reversed and a new trial granted.

MARTIN, O'MALLEY and SHERMAN, JJ., concur; MERRELL, J., dissents.

Judgment and order reversed and a new trial ordered.