THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PAUL ORZEL, Appellant.

(Argued December 4, 1933; decided January 9, 1934.)

*Thomas F. Franklin* and *Matthew J. Horan* for appellant. It was error for the court to deny the motion for a mistrial, after the district attorney had brought out that after the grand jury investigated the whole thing, the only one against whom it returned an indictment was the defendant. (*People* v. *Fielding,* 158 N. Y. 542; *People* v. *Smith,* 162 N. Y. 520; *People* v. *Wolf,* 183 N. Y. 464; *People* v. *Manganaro,* 218 N. Y. 9; *People* v. *Ray,* 36 App. Div. 389; *People* v. *Milks,* 55 App. Div. 372; *People* v. *Teiper,* 186 App. Div. 830; *People* v. *Latta,* 231 App. Div. 7.) The defendant was not accorded a fair trial. (*Cohen* v. *Goodman & Sons, Inc.,* 189 App. Div. 209; *Greenberg* v. *Schlanger,* 229 N. Y. 120; *People* v. *Polstein,* 184 App. Div. 260; 226 N. Y. 593; *People* v. *Freeman,* 203 N. Y. 267; *People* v. *Arvidson,* 229 App. Div. 731; *People* v. *Manganaro,* 218 N. Y. 9.)

*Samuel J. Foley, District Attorney* (*Martin M. Frank* and *Herman J. Fliederblum* of counsel), for respondent. The defendant received a fair trial. (*People* v. *Pallister,* 138 N. Y. 601; *People* v. *Tobin,* 176 N. Y. 278; *People* v. *Huson,* 187 N. Y. 97; *People* v. *Irving,* 95 N. Y. 541; *People* v. *Noelke,* 94 N. Y. 137.)

HUBBS, J. Defendant was indicted, tried and convicted of manslaughter in the second degree, in violation of subdivision 3 of section 1052 of the Penal Law. The indictment charged that by an act of culpable negligence he caused the death of Walter Adams. The specific act charged was that in designing and drawing the plans for a steel substructure of a coal pocket, he drew such plans, details and designs in a culpably negligent manner, and that by reason thereof the structure erected pursuant to such plans collapsed because of defects in the plans and caused the death of Walter Adams.

The issue presented was closely contested. Some of the members of this court are of the opinion that the People's evidence failed to establish that the defendant had been guilty of culpable negligence and that the trial court should have dismissed the indictment.

We are all in agreement that the case against the defendant was so doubtful that any material error at the trial which resulted in material prejudice to the defendant should entitle him to a reversal and a new trial. There is no doubt that such error occurred. In fact, if the jury had understood and followed literally the last words of the court's charge, it would have necessarily found the defendant not guilty. The last request to charge made by defendant's counsel was, " I ask the Court to charge that if from the evidence the jury finds that the construction and erection of the building and the construction and erection of the steel under structure which it is alleged the defendant designed, if the evidence shows that the construction and erection was not in accordance with that plan or design, then they should bring in a verdict of acquittal. The Court: I so charge."

Concededly, the structure was not erected in accordance with the plans and designs prepared by the defendant. In this court, it is admitted by the District Attorney that the contractor, in erecting the structure, intentionally failed to place therein certain braces, tie rods and bolts,

and in other respects failed to follow the plans prepared by defendant.

Frank J. McNulty was the president of the corporation which owned and was constructing the coal pocket. Christ Nilsen was the building contractor and Nathan Goldstone was an officer of the steel corporation which had the contract with Nilsen to furnish the steel for the erection of the structure.

McNulty acted as general manager of the corporation which owned the structure being erected. Nilsen, the building contractor, was in personal charge of the construction work, and Goldstone personally represented the corporation furnishing the steel in all matters connected with the drawing of the plans and the fabrication and delivery of the steel. Each was called as a witness against the defendant. During the redirect examination of Goldstone by the Assistant District Attorney, he was permitted to testify that he, the witness, the defendant Orzel, Nilsen and McNulty appeared before the grand jury, and that the grand jury investigated the whole matter. The witness was then asked:

" Q. Insofar as you know, after the Grand Jury investigated the whole thing, the only one against whom it returned an indictment for manslaughter was this defendant, is that correct? A. I think so."

The counsel for defendant objected to the line of questioning, but his objection was overruled. He then moved to strike out the answer. The motion was denied, with an exception. That the ruling was highly prejudicial to the defendant and presents serious error cannot be doubted. In fact, the only justification offered for the ruling is that the defendant by the cross-examination of the witness had opened the door for such examination. To that we cannot agree. It was seriously urged at the trial by the defendant that if any one had been guilty of culpable negligence, it was not the defendant, but was one or more of the three witnesses named.

Such contention was not without some justification. Surely the witness was not competent to testify as to what took place in the grand jury room. The effect of the evidence was to convey to the jury the inference that the grand jury had investigated the conduct of the three witnesses named and had determined that each was free from fault and that the defendant was the only person criminally responsible for the tragedy.

Various other alleged errors have been called to our attention. We do not deem it necessary to discuss them as we feel that in a doubtful case like this we should not overlook the error already set forth.

The judgments should be reversed and a new trial ordered.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur.

Judgments reversed, etc.