THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM HOFFMAN, Defendant.

Court of General Sessions of County of New York, February 24, 1937.

*William Copeland Dodge, District Attorney [Frederick A. Sperling, Deputy Assistant District Attorney, of counsel], for the plaintiff.*

*Edward T. Tighe [Clyde Dart of counsel], for the defendant.*

BOHAN, J. The defendant was indicted for manslaughter in the second degree for having with culpable negligence smoked and handled a cigarette so as to set afire a dwelling at premises 273

West Seventy-third street, New York city, on December 18, 1936, thus causing the death of Eleanor Duffield, an occupant thereof.

A motion to inspect the minutes of the grand jury was heretofore granted. The defendant now moves to dismiss the indictment on the ground that the legal evidence received by the grand jury was insufficient to support the indictment.

Section 1052 of the Penal Law provides:

"Such homicide is manslaughter in the second degree, when committed without a design to effect death: * * *

"3. By any act, procurement or culpable negligence of any person, which, according to the provisions of this article, does not constitute the crime of murder in the first or second degree, nor manslaughter in the first degree."

The premises 273 West Seventy-third street, borough of Manhattan, city of New York, consisted of a rooming house, with separate rooms, in which defendant was the occupant of room 7, a rear hall bedroom on the third floor.

Lena Fogliano, superintendent of the building, retired at one o'clock in the morning and was awakened by screams and opened the door and saw flames in the hall.

Thomas P. Brophy, chief fire marshal, found the origin of the fire in defendant's bedroom. Defendant told Brophy that he had retired about eleven o'clock in the evening after drinking three bottles of beer in his room. The defendant stated that he was smoking a cigarette when he went to bed and was aroused by heat and smoke in the room. He saw his mattress afire. "He [defendant] said he lit the cigarette, some of the fire bumped off the cigarette, fell on the floor on the rug." The defendant admitted that he had been smoking while in bed.

The defendant, after discovering the fire, ran to the street, leaving his door open. He failed to warn the other occupants of the building, stating he must have "lost his head."

The premises where the fire occurred is a dwelling converted into a furnished room house of the type known as "Converted Class B," which would have required a sprinkler system, fire escapes, cellar ceiling, stairs going from basement to first floor, inclosed fireproof partitions, bulkhead to roof, and a fire-retarding stairway. In the opinion of witness Prince, first deputy commissioner, tenement house department, these premises, with a building four stories high, with at least fifteen rooms and at least twenty people sleeping there at night, but with no fire escapes, no sprinkler system, and no fire-retarding stairway, could be considered in a hazardous condition.

The leading case in this State is *People* v. *Angelo* (246 N. Y. 451), because it clarified the meaning of the words " culpable negligence." That case traced their history from the common law to the present time. The defendant in that case had been convicted of manslaughter in the second degree for negligently operating an automobile which was in a collision with another automobile and the passenger in one being killed. The Appellate Division (219 App. Div. 646) reversed the conviction because of erroneous instructions given to the jury as to the meaning of " culpable negligence." The Court of Appeals affirmed the order of reversal. After tracing the history of legislation and judicial interpretation, Judge ANDREWS stated (246 N. Y. 451, at p. 457): " ' Culpable ' negligence is, therefore, something more than the slight negligence necessary to support a civil action for damages. It means, disregard of the consequences which may ensue from the act, and indifference to the rights of others. No clearer definition, applicable to the hundreds of varying circumstances that may arise, can be given. Under a given state of facts, whether negligence is culpable is a question of judgment. Ordinarily for the judgment of the jury, as is the question whether negligence exists at all. But in the one case as in the other it may become a question of law. If the negligence is so slight as not to reach the required standard the court should advise an acquittal of the accused. Under such circumstances the jury may not be allowed to find a verdict of guilty."

This was followed in *People* v. *Waxman* (232 App. Div. 90, 92), which, while not a homicide case, is applicable. The defendant in that case had driven his automobile on the sidewalk in a " culpably negligent manner." (Penal Law, § 244, subd. 2.) The Appellate Division in this department reversed the conviction and ordered a new trial on the ground that the verdict was against the weight of evidence. The court stated that to sustain a criminal prosecution there must be evidence to show " a reckless and wanton disregard of the rights of others sufficient to amount to an intent to inflict the injury or at least to be indifferent whether the injury happens or not."

Culpable negligence amounts to more than " blameworthy " conduct. (*People* v. *Pace*, 220 App. Div. 495, 497.)

This was a case involving excessive speed as the only negligence charged, and the definition of culpable negligence as " blameworthy " in the instructions to the jury was error on the ground that the jury " might well have obtained the impression that negligence to the extent of blameworthiness only, failure to use ordinary care (as well as reckless indifference) met the test as to criminal culpability."

Cases of negligence other than those of operating automobiles are *People* v. *Buddensieck* (103 N. Y. 487, 493), wherein a building being erected fell, causing the death of a person therein " by certain culpable negligence, acts and omissions." The conviction was affirmed on the ground that evidence of culpable negligence was established by proof of defective construction.

In *People* v. *Polstein* (184 App. Div. 260; affd., without opinion, 226 N. Y. 593), the collapse of a building because of culpable negligence, the conviction was sustained.

In *People* v. *Jackson* (125 App. Div. 873 [1st Dept.]) the defendant was a towerman on the elevated railroad in charge of switches. The case was submitted to the jury as to whether the defendant, in disregard of instructions, had, with gross and culpable negligence, omitted to set a signal. The conviction was reversed on the ground that the evidence did not sustain the indictment. Opinion by CLARKE, J.

In *People* v. *Orzel* (263 N. Y. 200) a conviction of manslaughter in the second degree was affirmed by the Appellate Division (239 App. Div. 819) and reversed by the Court of Appeals where the defendant was tried for an act of culpable negligence causing death in drawing and designing improper plans for a steel substructure of a coal pocket.

The difficulty herein lies in applying the law to the facts. As Judge ANDREWS stated in *People* v. *Angelo* (246 N. Y. 451, 457, 458), " no clearer definition, applicable to the hundreds of varying circumstances that may arise, can be given." Ordinarily, as he also stated, the question is one for the judgment of the jury, but it may become a question of law where the negligence is so slight as " not to reach the required standard," and then " the court should advise an acquittal of the accused."

Illustrative of what our courts have held as to the degree of proof of negligence even in civil cases, there is the case of *Mitchell* v. *Dailey* ([App. Term, 1st Dept.], 167 N. Y. Supp. 300, 301, not otherwise reported). A fire on a scow was alleged to have been due to negligence of its captain. The only evidence was that the captain stated " that he was smoking his pipe, and he shook it out, and when he did, he went down in below, and when he came back again it was on fire." The court found this a totally insufficient basis for a judgment in favor of the plaintiff suing for the value of certain property alleged to have been damaged by the fire. There was an opinion by BIJUR, J., concurred in by PHILBIN and ORDWAY, JJ. That case is the nearest that can be found on the fact with the case at bar. In that case the pipe had been shaken out on the deck of a boat and the fire occurred immediately thereafter. In the

case at bar, fire from a cigarette was dropped on the rug, thus inviting the inference that a fire occurred which resulted in the homicide.

In view of the foregoing authorities, the motion to dismiss the indictment is granted, with leave to the district attorney to resubmit the case to the grand jury.