TURNER *v.* STATE.

(Division B.    Oct. 10, 1938.)

[183 So. 522.    No. 33423.]

**J. W. P. Boggan,** of Tupelo, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**McGehee, J.,** delivered the opinion of the court.

Clyde Turner was convicted on an indictment charging manslaughter, growing out of a collision between a truck and an automobile. On conviction, he was sentenced to serve a term of five years in the state penitentiary and prosecutes this appeal.

The deceased, Orr, was driving west on a city street in Tupelo with two companions. Appellant, with two others, was proceeding east on the same street. A collision occurred near the west end of a bridge. It is urged that the verdict of the jury is contrary to the evidence. However, we find that there is material conflict in the

testimony of the witnesses not only as to the rate of speed; whether the truck had lights; where the two vehicles were being driven with reference to the center of the road; but as to almost every other fact in the case, except the identity of the parties involved and the fact that a collision occurred. The issue of culpable negligence on the part of the appellant under the facts testified to was one peculiarly for the jury.

The action of the trial court in instructing the jury in reference to the so called "Rules of the road" is also assigned as error, it being contended, in effect, that these rules have no application in a criminal case. But no authorities were cited supporting this contention. The jury was entitled to know the relative rights and duties of the driver of the truck and of the driver of the automobile, in order to be able to determine who was at fault when the driver of the automobile was killed in the collision.

The court instructed the jury for the state that "Culpable negligence is that degree of negligence or carelessness which is denominated as gross, and which constitutes such a departure from what would be the conduct of an ordinarily careful and prudent man under the same circumstances as to furnish evidence of indifference to consequences." This definition of culpable negligence is also assigned as error, and the appellant contends that the definition of culpable negligence, as laid down in Sims v. State, 149 Miss. 171, 115 So. 217, should have been used in the instruction for the State. However, we are of the opinion that the instruction was correct under the case of Gregory v. State, 152 Miss. 133, 118 So. 906; Shows v. State, 175 Miss. 604, 168 So. 862.

Affirmed.