■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KENNETH J. CRUCIANI, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered November 6, 1972, convicting him of manslaughter in the second degree and injection of a narcotic drug, upon a jury verdict, and imposing sentence. Judgment affirmed. The proof established that defendant administered an injection of heroin to the decedent at a time when he was aware that she was under the influence of barbiturates. As a result, she died of narcotism. In *People* v. *Pinckney* (38 A D 2d 217, affd. 32 N Y 2d 749) we held that a defendant could not be convicted of manslaughter in the second degree or criminally negligent homicide on the mere proof of sale of heroin to a person who died of an overdose after injecting the heroin with instruments supplied by defendant. In *Pinckney* the opinion of Mr. Justice Benjamin noted that " although it is a matter of common knowledge that the use of heroin can result in death, it is also a known fact that an injection of heroin into the body does not generally cause death " (p. 219) and Mr. Justice Shapiro in his concurring opinion stated (pp. 223-224):

"It has been held that the proof required for a criminal conviction under these sections of the new Penal Law is that the actor have knowledge of the highly dangerous nature of his actions or knowledge of such facts as under the circumstances would disclose to a reasonable man the danger of his action and that despite his knowledge he so acts (*People* v. *Taylor,* 31 A D 2d 852; *People* v. *Haney,* 59 Misc 2d 162). While there has recently been a substantial increase in deaths from narcotics, the proportion of such deaths to the number of times narcotics are currently being used by addicts and for legal medical treatment is not nearly great enough to justify an assumption by a person facilitating the injection of a narcotic drug by a user that the latter is thereby running a substantial and unjustifiable risk that death will result from that injection. It is hardly analogous to the sale of wood alcohol, a deadly poison (*People* v. *Licenziata,* 199 App. Div. 106), or to the illegal use of drugs or implements to induce an abortion (*People* v. *McGonegal,* 136 N. Y. 62) or to building a structure so poorly that it collapses (*People* v. *Orzel,* 263 N. Y. 200)." The distinguishing features between *Pinckney* and this case, however, are that here the proof established that the risk of death is substantially increased when heroin is injected into the body at a time when the central nervous system is already depressed as the result of the consumption of barbiturates and *that this was known by defendant.* The jury could therefore find that defendant acted recklessly, since he was aware of and consciously disregarded a substantial and unjustifiable risk under circumstances constituting a gross deviation of the standard of conduct which a reasonable person would have observed under the circumstances (see Penal Law, §§ 125.15, 15.05, subd. 3). Furthermore, in *Pinckney* the defendant did not inject the drug into the body of the deceased — she did so herself — whereas in this case the drug was injected into the body of the deceased by the defendant. Hence, the judgment of conviction should be affirmed. Martuscello, Acting P. J., Latham, Shapiro, Benjamin and Munder, JJ., concur. [70 Misc 2d 528.]