■ The People of the State of New York, Appellant, v Dylan M. Bianco, Respondent. [890 NYS2d 751]—

Appeal from an order of the Livingston County Court (Robert B. Wiggins, J.), entered January 6, 2009. The order dismissed the indictment.

It is hereby ordered that the order so appealed from is unanimously affirmed.

Memorandum: On appeal from an order dismissing the indictment charging defendant with criminally negligent homicide (Penal Law § 125.10), the People contend that the evidence presented to the grand jury was legally sufficient to support that charge. We reject that contention.

In his statement to the police that was presented to the grand jury, defendant admitted that he and decedent had used heroin together the weekend before decedent's death. Defendant further stated that, the day before decedent's death, defendant observed that decedent was "wasted," and they went to defendant's house, where decedent "passed out." The following day, defendant drove decedent to defendant's place of employment and left him in the vehicle while defendant went to work. Upon thereafter checking on decedent during the course of the work day, defendant found that he was sleeping in the vehicle. Later that afternoon, defendant and decedent drove to a supermarket, and decedent waited in the vehicle while defendant went into the store. When defendant returned from the store, he observed that decedent looked "like he was getting sick." Defendant then drove decedent to decedent's own vehicle, where he helped decedent to sit in the passenger seat, and defendant drove decedent's vehicle to the parking lot of a fast food restaurant and left decedent there. Before leaving the parking lot, defendant threw into a dumpster a medicine bottle with methadone and used needles that he had obtained from decedent. Defendant further stated that, on his way to work the following morning, defendant observed decedent's vehicle parked where he had left it but that he did not stop because he did not see anyone and he believed that decedent "would have gone with the police by [that time]." According to other evidence presented to the grand jury, however, decedent had died while in the vehicle, and the Coroner concluded that the cause of death was "[m]ixed drug intoxication."

The standard for reviewing the legal sufficiency of the evi-

dence before the grand jury is " 'whether the evidence, viewed in the light most favorable to the People, if unexplained and uncontradicted, would be sufficient to warrant conviction by a trial jury' " (*People v Scerbo*, 59 AD3d 1066, 1067 [2009], *lv denied* 12 NY3d 821 [2009], quoting *People v Manini*, 79 NY2d 561, 568-569 [1992]). Here, we conclude that defendant's actions were not a *"sufficiently direct cause"* of decedent's death to warrant the imposition of criminal liability (*People v Kibbe*, 35 NY2d 407, 413 [1974], *rearg denied* 37 NY2d 741 [1975]). Decedent's death was attributed solely to a drug overdose, and the evidence presented to the grand jury established that decedent himself obtained the drugs, outside the presence of defendant, and that decedent did not use drugs in defendant's presence on the day in question (*cf. People v Galle*, 77 NY2d 953, 955-956 [1991]). Present—Scudder, P.J., Hurlbutt, Martoche, Centra and Peradotto, JJ.