OPINION OF THE COURT
Dennis F. Bender, J.
The above named defendant stands indicted before this court for one count of criminally negligent homicide (Penal Law § 125.10). Omnibus motions were brought and argued before the court. Included among them was a request for the court to review the grand jury minutes, and either dismiss or reduce the counts of the indictment. The court has had an opportunity to review the grand jury minutes, and now finds and decides as follows.
The underlying factual allegation in this case is that the defendant injected another person with heroin. Testimony was offered that the defendant stated it was “a whole bag,” but nothing was offered regarding how much that quantitatively entailed, the usual dosage taken, or the strength of the drug. The person injected subsequently died as a result of “complications of acute morphine intoxication.” (Grand jury exhibit 2.) The defendant made inconsistent statements regarding whether the decedent injected herself on the two other occasions he stated she used heroin that week, or whether he had also injected her on one of those other occasions as well.
One who sells a dangerous drug and provides the paraphernalia to use it, cannot, without more, be held liable for manslaughter or criminally negligent homicide upon the death of the user of the drug. (People v Pinckney, 38 AD2d 217 [2d Dept 1972], affd 32 NY2d 749 [1973].) Although the majority opinion predicated its decision upon the conclusion that the legislature did not intend for liability for homicide to lie in such circumstances, it also noted that “[a]lthough it is a matter of common knowledge that the use of heroin can result in death, it is also a known fact that an injection of heroin into the body does not *784 generally cause death.” (38 AD2d at 219.) The concurring opinion of Justice Shapiro expounded upon that observation by noting,
“the proportion of such deaths to the number of times narcotics are currently being used by addicts ... is not nearly great enough to justify an assumption by a person facilitating the injection of a narcotic drug by a user that the latter is thereby running a substantial and unjustifiable risk that death will result from that injection” (id. at 223-225).
In People v Cruciani (44 AD2d 684, 685 [2d Dept 1974], affd 36 NY2d 304 [1975]), the Court affirmed a manslaughter conviction of a defendant who injected heroin into another person while aware that person’s “central nervous system [was] already depressed as the result of the consumption of barbiturates.” The defendant’s act of injecting the decedent was a stated factor in the Court’s decision. Notwithstanding, it is evident that by its quotation of the language of Justice Shapiro’s opinion as set forth above, the Cruciani Court viewed the defendant’s knowledge of the decedent’s condition as the determinative factor.
In the within matter, the prosecutor elicited testimony that the defendant was aware that the decedent had been prescribed Xanax and Adderall, and that the decedent’s parents had stated she was taking the Adderall “regularly.” Testimony was offered by the People’s expert that Adderall is an amphetamine. The expert further testified however, that “if you overdose on heroin it [an amphetamine] may be affecting your heart, but perhaps in a positive manner in terms of increasing the stimulus of the heart to beat.” (Grand jury minutes at 87.) No testimony at all was offered regarding the nature or effect of Xanax. Nor was there evidence to show it was present in the decedent’s system.*
This matter is maddeningly tragic, and calling the defendant’s actions reprehensible involves no hyperbole. No matter *785 what the extent of the risk, the injection of another with heroin of unknown potency creates a risk of death that can only be called “unjustifiable.” Notwithstanding, predicated upon the case law as it exists, the injection of heroin into another who subsequently dies is, without proof of additional aggravating factors, legally insufficient to establish a “substantial . . . risk that such result will occur” (Penal Law § 15.05 [4]).
The motion to dismiss is granted.

 Although no testimony was offered regarding Xanax, this court is aware that it is a benzodiazepine, which is one of the substances for which the decedent was tested. (Grand jury exhibit 4.) Because of the effect on the central nervous system of benzodiazepines, the combination of them with heroin can be fatal. Had there been proof that the decedent had been found to have Xanax in her system, for purposes of the grand jury proceeding, and despite the lack of testimony regarding the effect of benzodiazepines combined with heroin, the evidence could be found to have been legally *785 sufficient since the defendant was aware it had been prescribed for the decedent. The toxicology screen for “Benzodiazepines/targeted drug screen” resulted only in the detection of “morphine, codeine,” however. (Grand jury exhibit 4.) Neither is a benzodiazepine metabolite.