# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**584**

**KA 15-01259**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                        MEMORANDUM AND ORDER

BRENDA E. ROTH, DEFENDANT-RESPONDENT.

---

LEANNE K. MOSER, DISTRICT ATTORNEY, LOWVILLE (WENDY LEHMANN, NEW YORK PROSECUTORS TRAINING INSTITUTE, INC., ALBANY, OF COUNSEL), FOR APPELLANT.

DONALD R. GERACE, UTICA, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Lewis County Court (Daniel R. King, J.), dated June 18, 2015. The order, insofar as appealed from, granted that part of defendant's omnibus motion seeking to dismiss the first three counts of the indictment.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law, that part of defendant's omnibus motion seeking to dismiss the first three counts of the indictment is denied, those counts are reinstated, and the matter is remitted to Lewis County Court for further proceedings on the indictment.

Memorandum: The People appeal from an order insofar as it granted that part of defendant's omnibus motion seeking to dismiss the first three counts of the indictment on the ground that they were not supported by legally sufficient evidence. Defendant was charged in those counts with manslaughter in the second degree (Penal Law § 125.15 [1]), criminally negligent homicide (§ 125.10), and tampering with physical evidence (§ 215.40 [2]), arising from the death of the 15-year-old victim from a drug overdose in defendant's home. We reverse.

"The standard for reviewing the legal sufficiency of the evidence before the grand jury is whether the evidence, viewed in the light most favorable to the People, if unexplained and uncontradicted, would be sufficient to warrant conviction by a trial jury" (*People v Bianco*, 67 AD3d 1417, 1418-1419, *lv denied* 14 NY3d 797 [internal quotation marks omitted]). "On a motion to dismiss, the reviewing court's inquiry is confined to the legal sufficiency of the evidence and the court is not to weigh the proof or examine its adequacy" (*People v Galatro*, 84 NY2d 160, 164). " 'In the context of the [g]rand [j]ury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt' " (*People v Deegan*, 69 NY2d 976, 978-979). Further,

the fact "[t]hat other, innocent inferences could possibly be drawn from the facts is irrelevant on this pleading stage inquiry, as long as the [g]rand [j]ury could rationally have drawn the guilty inference" (*id.* at 979; *see People v Raymond*, 56 AD3d 1306, 1307, *lv denied* 12 NY3d 820).

Here, we conclude that the evidence, viewed in the light most favorable to the People (*see Bianco*, 67 AD3d at 1418-1419), is legally sufficient to support the counts that were dismissed by County Court, and that the court improperly weighed the evidence (*see generally Galatro*, 84 NY2d at 163-165). With respect to the first two counts, charging manslaughter in the second degree and criminally negligent homicide, we conclude that the evidence of aggravating circumstances, including the quantity of drugs provided by defendant (*cf. People v Pinckney*, 38 AD2d 217, 220-221, *affd* 32 NY2d 749), defendant's alleged refusal to permit the other children present to call for medical assistance for the victim, and her direction to those children not to answer the cell phone calls from the victim's mother because the victim was not supposed to be at her house, is legally sufficient to establish a prima facie case that defendant's actions created a substantial and unjustifiable risk of death (*see People v Cruciani*, 44 AD2d 684, 684-685, *affd* 36 NY2d 304; *cf. People v Erb*, 70 AD3d 1380, 1381, *lv denied* 14 NY3d 840; *Bianco*, 67 AD3d at 1418-1419). With respect to the third count, charging tampering with physical evidence, we likewise conclude that the court failed to view the evidence in the light most favorable to the People and improperly weighed the evidence in concluding that the evidence was legally insufficient to support that count (*see generally People v Hafeez*, 100 NY2d 253, 259-260).

Entered:  July 1, 2016                                    Frances E. Cafarell
                                                          Clerk of the Court