RAJNER J. RANER, Appellant, *v.* ISAAC GOLDBERG, Respondent.

First Department, January 15, 1926.

**Landlord and tenant — action by tenant to recover security and advanced rent — property in New York city leased for dance hall — commissioner of licenses refused to grant tenant license — performance of lease became impossible by law — plaintiff may recover.**

A tenant may recover the amount deposited with his landlord as security for the payment of the rent and the amount of advance rent paid, where it appears that property which is located in New York city was leased for the purpose of conducting a dance hall and that after the lease was executed the commissioner of licenses of New York city refused to grant a license to the tenant to conduct a dance hall for, by reason of the action of the commissioner of licenses, the lease became impossible of performance legally.

APPEAL by the plaintiff, Rajner J. Raner, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 21st day of April, 1925, upon a verdict rendered by direction of the court at the New York Trial Term, pursuant to a stipulation that the action be tried without a jury and that a verdict be directed with the same force and effect as though a jury were present, and also from an order denying plaintiff's motion for a new trial made upon the minutes.

*Dunn & Daly* [*John Goodrum Miller* of counsel], for the appellant.

*Jacob L. Holtzmann* [*Jacob Krisel* of counsel], for the respondent.

BURR, J. The action is brought to recover the sum of $3,000 deposited by plaintiff with defendant as security and $500 which he paid to defendant as rent for the month of February, 1922, under a written lease for five years, beginning on the 1st day of February, 1922.

The lease entered into between the parties clearly evidences the fact that the premises in question were leased to the plaintiff by

defendant to be used as a dance hall and for no other purpose. When the plaintiff tenant applied for a license to conduct a dance hall on the premises, such license was refused by the commissioner of licenses. The commissioner had full power to decide whether or not a license should be granted (Greater N. Y. Charter [Laws of 1901, chap. 466], § 641, added by Laws of 1914, chap. 475, as amd. by Laws of 1917, chap. 618; Id. § 1488, added by Laws of 1910, chap. 547, as amd. by Laws of 1921, chap. 225; Id. § 1489, as added by Laws of 1910, chap. 547; Id. § 1490, added by Laws of 1910, chap. 547, as amd. by Laws of 1914, chap. 475; Id. § 1491, as added by Laws of 1910, chap. 547) and the issuance of such license could not be compelled by mandamus. (*Matter of Ormsby* v. *Bell*, 218 N. Y. 212.) To conduct a dance hall without a license is a misdemeanor. (Greater N. Y. Charter, § 1489, as added by Laws of 1910, chap. 547.)

The lease having been duly executed and a condition arising subsequent thereto which made it illegal to use the premises as a dance hall (the sole purpose for which they were rented) performance under the lease was rendered impossible by the act of the law.

The action of the public authorities subsequent to the making of the lease rendering it unlawful to use the premises for the only purpose for which they were leased discharged the tenant from the obligation to pay rent under the lease and terminated the lease. (*Heine* v. *Meyer*, 61 N. Y. 171; *Weil* v. *Abrahams*, 53 App. Div. 313; *Adler* v. *Miles*, 69 Misc. 601.)

It is now well settled that a lease of premises for an illegal purpose is void. (*Doherty* v. *Eckstein Brewing Co.*, 115 Misc. 175; affd., 198 App. Div. 708; *Kaiser* v. *Zeigler*, 115 Misc. 281.) The lease being void the relation of landlord and tenant ceased to exist and the summary proceedings instituted by defendant based on such relation became ineffective.

Plaintiff being prevented by action of the public authorities from occupying the premises for the purpose for which he leased them, the contract of lease became impossible of performance by operation of law and plaintiff is entitled to the return of the security deposit and the rent paid for the month of February.

The judgment and order appealed from should be reversed and judgment awarded in favor of plaintiff for the sum of $3,500, with costs.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Judgment and order reversed, with costs, and judgment directed to be entered in favor of plaintiff against the defendant in the sum of $3,500, with costs.