THE LOUIS FRIEDMAN REALTY CO., INC., Respondent, *v.* MICHAEL DE STEFAN, Appellant.

Supreme Court, Appellate Term, First Department, July 9, 1926

**Landlord and tenant — action for rent — defendant leased premises from plaintiff for use as gasoline station and garage — zoning ordinance prohibited operation of gasoline station on or in vicinity of premises — neither plaintiff nor defendant had knowledge of zoning restriction — lease of premises for illegal purposes, void — complaint dismissed.**

In an action by the plaintiff for the rent of premises which it leased to the defendant " to be used and occupied as a gasoline station and for garage purposes," a judgment for the plaintiff must be reversed and its complaint dismissed, where it appears that, unknown to the parties herein, at the time of the execution of the lease and prior thereto, said premises were affected by a zoning ordinance which restricted the use thereof to " business purposes only," and prohibited the operation of a gasoline station on or in the vicinity of the premises, since the lease, being for an illegal purpose was void from the beginning.

LEVY, J., dissents, with opinion.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, First District, in favor of the plaintiff, landlord, for four months' rent, and dismissing defendant's counterclaim for rent and security paid under a lease. The trial was had on an agreed statement of facts,

*William J. Carroll* [*James E. Wilkinson* of counsel], for the appellant.

*Isidor Mates,* for the respondent.

LYDON, J.   The plaintiff was the owner of a parcel of unimproved land situated at Roosevelt avenue and Voorhees place, Elmhurst, in the borough of Queens, in the city of New York.   On April 28, 1925, the plaintiff and defendant entered into a written lease of said parcel of land for a term of five years, commencing May 1, 1925, and terminating April 30, 1930, " to be used and occupied as a gasoline station and for garage purposes."   The rent was fixed at $75 per month for the first two years and $100 per month for the balance of the term.   The lease further provided for the deposit by defendant of the sum of $500 to be held by the landlord as security for the erection by the tenant of improvements consisting of the gasoline station and garages upon the premises demised. The defendant made said deposit, and paid the rent for three months, to wit, $225.

At the time of the execution of the lease and prior thereto the premises demised were affected by the zoning restrictions adopted by the board of estimate and apportionment of the city of New York, which restricted the use of the premises to " business purposes only," but apparently neither party knew that fact.   The tenant, as required of him by the lease, applied to the fire department for a permit to erect the structures necessary for a gasoline station.   This was refused, as it would be a violation of the Building Zone Resolution provisions prohibiting the operation of a gasoline station on or in the vicinity of the premises which are the subject of the lease. After learning that he could not erect the gasoline station defendant refused to pay the rent and demanded the return of the money already paid to the landlord.   The lease entered into between the parties clearly evidences the fact that the premises were leased by plaintiff to the defendant to be used only as a gasoline station and for garage purposes.

" Express words of restriction are not necessary where the language used shows that no other use was to be permitted than that specified."   (*Kaiser* v. *Zeigler,* 115 Misc. 281.)

It is now well settled that a lease of premises for an illegal purpose is void.   (*Raner* v. *Goldberg,* 215 App. Div. 355; *Doherty* v. *Eckstein Brewing Co.,* 115 Misc. 175; affd. 198 App. Div. 708, 712; *Kaiser* v. *Zeigler,* 115 Misc. 281.)   The defendant set up the defense of illegality and also counterclaims for $725, the amount of rent and security paid.   The attempt of the landlord's attorney to

39

extend the use of the premises by his letter of August 3, 1925, " for any business purpose " does not alter or validate the lease. The lease was void from the beginning. On the agreed state of facts submitted to the trial judge the complaint should have been dismissed and judgment rendered for defendant on his counterclaim.

Judgment reversed, with $30 costs, complaint dismissed and judgment ordered for the defendant on his counterclaim in the sum of $725, with costs.

DELEHANTY, J., concurs in result.

LEVY, J. (dissenting). I think it is error to assume that the tenant " as required of him by the lease," applied to the proper municipal authorities for a permit to erect the structures necessary, which " was refused, as it would be a violation of the zoning law provisions * * *." By the 20th paragraph of the lease the " tenant covenants and agrees that before he erects any structure of any kind upon the demised premises, he shall first secure the necessary permits from the municipal and state authorities; * * *." All he did in this direction was to approach the fire department. Can this be said to be a full discharge of his obligation under the covenant? Or, on the other hand, can the refusal there be regarded as such a repudiation by duly constituted authority as to determine the illegality of the business contemplated? In the first place, the record does not disclose whether the garage was to be for more than five motor vehicles. If it was to contain less, the Building Zone Law would not seem to have any application whatever.

But even if we accept the inhibitions of the Building Zone Resolution as controlling, it strikes me that very definite exemptions therein provided might be granted under certain proper circumstances by the board of appeals under section 7 of the very statute, and more particularly by such subdivisions as " e," " f " and " g." However, no application was made to this board, and who is in position to say in advance what disposition would be made there?

I consider this case differs from those in which the purpose for which premises are demised is *per se* illegal; as, for example, the leasing of part of a tenement house for the use of a moving picture theatre when the ordinances prohibited it, as demonstrated in *Adler* v. *Miles* (69 Misc. 601); also, those cases involving premises leased for the sale of intoxicating liquor. There the decisions were predicated on the general rule that where the law creates a duty and a party without fault on his part is disabled from performing it, such failure to perform is excused.

But here I do not feel we are in position to justly declare that the

business provided for by the lease is prohibited by law absolutely and thus void. It occurs to me that this could not be accurately said of the venture here involved until the municipal authorities having jurisdiction have actually functioned and determined against the use of the premises for the purpose intended. In any event, the landlord would appear to be entitled to rent until it be established unequivocally that the tenant could not secure that which would entitle him to prosecute the business. Therefore, I dissent and vote to affirm.