IGNATZ SCHWARTZ and Another, Appellants, *v.* JOSEPH SCHULTZ, Respondent.

Supreme Court, Appellate Term, First Department, December 16, 1926.

Landlord and tenant — action to recover deposit to secure performance of lease — tenants, having terminated lease, are entitled to deposit in absence of counterclaim — inability to obtain fire department permit no bar to recovery.

Plaintiffs who were unable to obtain a necessary permit from the fire department so that they might lawfully occupy defendant's premises are entitled to the moneys deposited with the defendant to secure performance of a lease, where it appears that said plaintiffs abandoned possession and terminated the lease after failing to obtain the permit; the inability of the tenants to obtain said permit does not bar recovery.

LEVY, J., dissents, with memorandum.

APPEAL by plaintiffs from a judgment of the Municipal Court, Borough of Manhattan, Third District, in favor of defendant.

*Sydney D. Robins,* for the appellants.

*Shapiro & Witte* [*Samuel Witte* of counsel], for the respondent.

PER CURIAM. That the tenants undertook to procure the necessary permit from the fire department does not bar a recovery. It is undisputed that such permit could not be obtained, and the plaintiffs having abandoned possession and terminated the lease have a right, there being no counterclaim presented, to recover the moneys deposited with the landlord to secure performance of their covenants. (*Raner* v. *Goldberg,* 215 App. Div. 355.)

Judgment reversed, with thirty dollars costs, and judgment directed for plaintiffs for the relief demanded in the summons, with interest and costs.

Present — BIJUR, O'MALLEY and LEVY, JJ.

LEVY, J. (dissenting). Although the point is not raised by the appellant, I consider that *Shedlinsky* v. *Budweiser Brewing Co.* (163 N. Y. 437) is controlling upon us, and that the judgment below was, therefore, proper. Accordingly I dissent and vote to affirm.