THE LOUIS FRIEDMAN REALTY Co., INC., Appellant, v. MICHAEL DE STEFAN, Respondent.

First Department, June 3, 1927.

Landlord and tenant — action to recover rent — plaintiff leased vacant property to defendant for gasoline station and garage in restricted territory — erection of garage, for more than five cars, on property leased, required permission of board of standards and appeals — lease contained covenant that tenant should secure necessary permit — tenant applied to fire department which refused permit on ground that board of standards and appeals had taken no action exempting property from zoning restrictions — contention by defendant that lease was void ab initio cannot be sustained.

The plaintiff is entitled to recover the rent stipulated under a lease of vacant property which the defendant leased for the purpose of using as a gasoline station and garage. The property was in a district restricted by the zoning ordinance to business and thus closed to the erection of a garage intended for more than·five automobiles, without permission of the board of standards and appeals. The lease contained a provision requiring the tenant to secure the necessary permits. The only attempt on the part of the tenant to secure permits was an application to the fire department for permission to erect a gasoline pump, which was refused on the ground that the board of standards and appeals had taken no action exempting this property from the zoning restrictions. The tenant's contention that the lease was void *ab initio* cannot be sustained. The lease was, on its face, valid, for a garage for not more than five automobiles could have been erected on the property without violating the zoning ordinance, and, furthermore, the board of standards and appeals had the authority, under certain conditions, to permit the erection of a garage for more than five automobiles. Failure of consideration could be shown, if at all, only after the tenant had fairly endeavored to secure permits from the local authorities and failed.

APPEAL by the plaintiff, The Louis Friedman Realty Co., Inc., from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 8th day of July, 1926, reversing a judgment of the Municipal Court, Borough of Manhattan, First District, in favor of the plaintiff and dismissing the complaint and ordering judgment for the defendant on his counterclaim.

*Isidor Mates,* for the appellant.

*James E. Wilkinson* of counsel [*William J. Carroll,* attorney], or the respondent.

PROSKAUER, J. Plaintiff leased to defendant vacant property to be used as a gasoline station and garage. The property, according to the facts stipulated, was in a district restricted by the zoning ordinance to business and thus closed to the erection of garages intended for more than five cars without permission of the board of standards and appeals, in accordance with the provisions of the ordinance (Zoning Ordinance, § 21; Id. § 4, item 15.) The lease contained a covenant that the tenant should " secure the necessary permits from the municipal and State authorities and shall comply with all the requirements of the said municipal and State authorities, their bureaus and subdivisions, in the erection by him of any improvements upon the said premises." The stipulation further recites that the tenant applied to the fire department for permission to erect a gasoline pump, which was refused on the ground that the Board of Standards and Appeals had taken no action exempting this property from the zoning restrictions. No application was made to the board of standards and appeals. The plaintiff sues for accrued rent. The defendant counterclaims for the amount already paid and for the deposit made by him as security under the lease. From the determination of the Appellate Term reversing a judgment in its favor the plaintiff appeals. (127 Misc. 608.)

Respondent urges that the lease was void *ab initio* for mistake, it being conceded that there was no fraud or concealment. On its face the lease was valid for two reasons. If the garage erected was to be for not more than five cars, it was not within the prohibition of the zoning ordinance. (See Zoning Ordinance, § 21; Id. § 4, item 15.) Moreover, by the provisions of section 7, subdivision e, the Board of Standards and Appeals is authorized under certain conditions to permit the erection of a garage for more than five motor vehicles; under section 7, subdivision g, if a certain percentage of property owners consent, it is authorized to grant the right to maintain a garage, and under section 21 it has broad discretionary powers. Therefore, unless it appeared that the consideration had failed, the lease was enforcible. (*Raner* v. *Goldberg,* 244 N. Y. 438.) This could appear (if at all) only after the tenant had fairly performed his covenant to secure permits from the local authorities. He did not do this merely by an application to the fire department, which had no authority to waive the zoning restrictions and was bound to respect restrictions.

The determination of the Appellate Term should be reversed and the judgment of the Municipal Court affirmed, with costs to the appellant in this court and in the Appellate Term.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Determination reversed and judgment of the Municipal Court affirmed, with costs to the appellant in this court and in the Appellate Term.