SAY-PHIL REALTY CORPORATION, Landlord, *v.* WILLIAM DE LIGNEMARE and Another, Tenants.
"JOHN DOE," Undertenant.

Municipal Court of New York, Borough of Manhattan, Ninth District, April 9, 1928.

**Landlord and tenant — rent — premises in residence district were leased for use as drug store " and for no other purpose "— use required application by tenant to board of appeals for variation of Building Zone Resolution — lease was not necessarily illegal — tenant waived right to rescind for failure of consideration — landlord entitled to final order in summary proceedings and judgment for amount of rent due.**

The plaintiff in this proceeding seeks to recover possession of premises situated in a residence district and leased for use as a drug store, " and for no other purpose." The property was in a district restricted by a Building Zone Resolution and the lease contained a rider subjecting it to the restrictions provided for in the Zoning Law. The insertion in the lease of the rider with respect to the Building Zone Resolution indicates that it was the intention that the risk of failure to secure a variation in the Building Zone Resolution from the board

of appeals was assumed by the tenant and since it appears that the board of appeals had the authority to vary the Zoning Law so as to permit the operation of the drug store said lease was not necessarily illegal, though the use was prohibited by the Building Zone Resolution.

The tenant having continued to pay the rent for many months without prosecuting to decision an application to the board of appeals for a variance of the Building Zone Resolution, must be regarded as having waived any claim to rescind the lease for failure of consideration.

SUMMARY PROCEEDING to recover possession of certain premises in the building known as No. 381 Park avenue, city of New York, and also for judgment for two months' rent in the sum of $1,000.

*Gettner, Simon & Asher* [*Adolph Bangser* of counsel], for the landlord.

*O'Brien, Malevinsky & Driscoll* [*M. L. Malevinsky* and *Benjamin Pepper* of counsel], for the tenant.

GENUNG, J.   It appears that on the 2d day of February, 1925, the landlord executed an indenture of lease with one Charles A. Bronson as tenant, wherein the tenant agreed to use the premises for the purpose of " conducting a first-class drug store and chemist establishment and for no other purpose."   Coincidently with the execution of the lease the landlord consented to the assignment of the lease by the said Charles A. Bronson to the tenant William de Lignemare and the latter agreed " to pay and fulfill all of the terms, covenants and conditions of said lease, with the same force and effect as if the party of the third part [de Lignemare] had been named as a tenant in said indenture of lease."   The premises described in the lease are located at the northeast corner of Park avenue and Fifty-third street, in a district designated under the Building Zone Resolution as a " residence district."

It is the claim of the tenant de Lignemare that the petition must be dismissed on the ground that the lease was illegal and void as contravening the Zoning Law and the tenant de Lignemare demanded judgment against the landlord in the sum of $2,000, the amount deposited as security under the lease.

In some circumstances, authority is vested in the board of appeals to " vary " the Zoning Law.   (See Greater N. Y. Charter, §§ 242-a and 242-b [added by Laws of 1914, chap. 470, as amd. by Laws of, 1924, chap. 295].)   It follows, therefore, that the prohibition of the ordinance is not absolute.   A lease providing for a use of premises, which use is prohibited by the Zoning Law, is not necessarily illegal where it appears that the board of appeals has the authority to vary the Zoning Law.   In such case the question arises as to whether there has been a failure of consideration.

The doctrine of failure of consideration is predicated upon the

happening of events which materially change the rights of parties, which events were not within the contemplation of the parties at the time of the execution of the contract. It cannot be claimed here that the inability of the tenant to use the premises for a drug store was not within the contemplation of the parties at the time of the execution of the lease, for the lease provides, by its very terms in a rider attached to the lease and made a part thereof, that " this lease is made by the landlord and accepted by the tenant subject to building restrictions and regulations in resolution or ordinance adopted by the Board of Estimate and Apportionment of the City of New York on July 25, 1916, and amendments and additions thereto now in force and commonly known as the Zoning Law." It is urged by the tenant that this clause adds nothing to the lease because the tenant would have been subject to the Zoning Law even if no such provision were inserted in the lease. It follows none the less that the insertion indicates clearly that it was the intent of the parties that the risk of failure to secure a variation of the Zoning Law from the board of appeals was assumed by the tenant. It is not pertinent here to determine whether the board of appeals should, or would, have granted such permit, for the very fact that the board of appeals had the authority within its discretion to vary the Zoning Law prevents the successful assertion that the lease is illegal. For a discussion of the powers of the board of appeals, see *People ex rel. Sheldon* v. *Board of Appeals* (234 N. Y. 484).

In *Friedman Realty Co., Inc.,* v. *De Stefan* (220 App. Div. 661) a similar, although not an identical, question arose. In that case, the tenant had covenanted to secure permits from the local authorities. The Appellate Division found the lease to be valid and also found that the consideration had not failed as the tenant had not fairly performed his said covenant. While in the instant case there is no such covenant, as between the landlord and the tenant, the agreement to take subject to the Zoning Law placed the burden of compliance with the law and of obtaining the necessary variation and modification of the Zoning Law upon the tenant. It appears that an application for a variation of the Zoning Law was made to the board of appeals by the tenant Bronson, but later was withdrawn.

In *Raner* v. *Goldberg* (244 N. Y. 438), although not precisely in point, in discussing cases in which the court had permitted the rescission of contracts for failure of consideration, Judge LEHMAN said: " Such cases have no application, even if we assume that all were correctly decided, to a case where the contract provides for a use which the parties understood when they made the contract

would be lawful only if a public officer exercised legal discretion in favor of such use."

It appears from the testimony that the tenant continued to pay rent for many months without prosecuting to decision an application to the board of appeals. It seems under the circumstances herein that such payments constitute a waiver of the claim that the tenant may rescind the lease by reason of a failure of consideration. It is of course true that if this lease were illegal there would be no waiver of such illegality. However, the question herein is not with reference to the legality of the lease, but pertains merely to whether or not the consideration has failed. In such instance there can be a waiver and in the instant case there has been such a waiver.

The landlord is, therefore, entitled to a final order and to judgment in the sum of $1,000, and to a dismissal of the counterclaim.