GEORGE L. McHUGH, Respondent, v. THOMAS E. McCORMICK, Appellant.— Judgment unanimously affirmed, with costs. Whether the steam shovel was the defendant's personal property and was rented out by him together with the men to operate it, or whether it was the property of the corporation with which the defendant said he was connected, was a question of fact under the pleadings and proof. There is no dispute in the facts as to the renting of the machine together with the men to operate it, nor is there any dispute that the lessee of the machine had no control over it or the men who operated it, but that the only part with which the lessee had to do was to indicate when and where the work was to progress. In the circumstances, a verdict that the engineer was the *ad hoc* servant of the plaintiff's employer would have been contrary to the evidence. There was, therefore, no error in charging the defendant with being the master. (*Henry* v. *Stanley Hod Elevator Co.*, 129 App. Div. 613, and cases therein cited; *Charles* v. *Barrett*, 233 N. Y. 127; *Meade* v. *Motor Haulage Co., Inc.*, Id. 527; *McNamara* v. *Leipzig*, 227 id. 291.) Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

MUNICIPAL METALLIC BED MANUFACTURING CORPORATION, Respondent, v. DAVID DOBBS and DOBBS S. LITTMAN, Defendants, and SARAH LITTMAN, Appellant.* (Appeal No. 1.) — Order denying motion to dismiss complaint reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The purpose for which the lease was made, it is not disputed, is illegal and no recovery, under the circumstances, may be predicated thereon. (*Hart* v. *City Theatres Co.*, 215 N. Y. 322; *Raner* v. *Goldberg*, 215 App. Div. 355.) The alleged misrepresentation cannot be said to be a fraud, because it is but an expression of opinion as to the law. Rich, Seeger and Scudder, JJ., concur; Lazansky, P. J., and Young, J., dissent and vote to affirm, as the plaintiff was not limited in the kind of use of the premises. (See *Raner* v. *Goldberg*, 215 App. Div. 355.)

CHARLES V. PAGANELLI, as Trustee in Bankruptcy of DAVID D. DEUTCH, Bankrupt, Plaintiff, v. KATHERINE M. SHEVLIN and GEORGE L. SHEVLIN, Appellants, and FRIEDA E. ROSE, Respondent.— Judgment, in so far as appealed from, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

MOSES L. PARSHELSKY, Respondent, v. PECK-SCHWARZ REALTY CORPORATION, etc., and Others, Defendants, and JULIUS SCHWARZ, Appellant.†— Judgment affirmed, with costs. No opinion. Rich, Kapper, Seeger and Scudder, JJ., concur; Carswell, J., dissents, with the following memorandum: The assignment of rents has priority and the claim of estoppel is without support in the record. I, therefore, vote to allow the counterclaim of Schwarz, to modify the judgment accordingly, and, as so modified, to affirm.

H. TABLE PORTER CO., INC., Appellant, v. MARION R. ALTENBERG and MARCELLE J. KANE, Individually and as Executrices of the Estate of JOSEPH ALTENBERG, Deceased, Respondents.— Judgment reversed upon the law and the facts, and new trial granted, costs to appellant to abide the event. Plaintiff's proof presented questions of fact which should have been submitted to the jury. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

---

* Revd., 253 N. Y. 313.     † Affd., 254 N. Y. ——.