In the Matter of WILLIAM J. ATHENAS, Petitioner, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Proceeding pursuant to article 78 of the Civil Practice Act, transferred to this court pursuant to section 1296 of the Civil Practice Act, to review a determination of respondent suspending for a period of thirty days the chauffeur's license of the petitioner for violation of paragraph (e) of subdivision 3 of section 71 of the Vehicle and Traffic Law. Determination confirmed, without costs. The suspension flows from an accident between the bus operated by petitioner and a privately owned automobile at the intersection of Hillside Avenue and Winchester Boulevard, Queens County, at 5:50 A.M., on January 12, 1952. There was substantial evidence to support the finding of the hearing referee that petitioner knowingly passed through a red light and was guilty of gross negligence. (Cf. *People* v. *Saroff,* 227 App. Div. 114.) MacCrate, Acting P. J., Beldock, Murphy and Ughetta, JJ., concur; Schmidt, J., dissents and votes to annul the determination upon the ground that, while there is some evidence of ordinary negligence, there is not "substantial evidence" of gross negligence on the part of petitioner. (*Matter of Donahue* v. *Fletcher,* 299 N. Y. 227, 229.)

In the Matter of the Estate of HERMAN B. BARUCH, Deceased. ANNA M. BARUCH, Appellant; ROBERT P. BARUCH et al., as Executors of HERMAN B. BARUCH, Deceased, et al., Respondents.—Appeal from so much of a decree of the Surrogate's Court, Suffolk County, as adjudges that an antenuptial agreement executed by appellant is legal, valid and binding and that she has no right of election under section 18 of the Decedent Estate Law to take an intestate share of decedent's estate against the provisions of his last will and testament. Decree, insofar as appealed from, unanimously affirmed, with costs, payable by appellant personally. There is a complete absence of proof that the agreement was the product of undue influence, inequality, overreaching, deception or mistake. We are in complete agreement with the determination of the learned Surrogate that the execution of the antenuptial agreement was appellant's "free and untrammeled act" and that there is no credible evidence in the record that she "was taken advantage of in any respect whatsoever". Present — Nolan, P. J., Wenzel, Schmidt, Beldock and Ughetta, JJ. [205 Misc. 1122.]