■ MAURICE VERSCHELL, Respondent, v HELENE S. PIKE, Formerly Known as HELENE VERSCHELL, Appellant. — In an action, *inter alia,* to set aside a conveyance to the defendant wife of plaintiff's interest in the former marital residence as well as to obtain monetary damages representing plaintiff's equity in the former marital residence, defendant appeals from so much of a judgment of the Supreme Court, Nassau County (Murphy, J.), entered February 5, 1980 as (1) granted plaintiff's motion to amend his complaint by adding a cause of action for fraud; (2) rescinded the lease dated February 15, 1975 made by and between plaintiff and defendant; (3) rescinded the separation agreement dated February 15, 1975 insofar as it required the execution of the lease and a deed; (4) rescinded the deed dated February 15, 1975; and (5) directed that defendant convey to plaintiff a one-half interest in the former marital residence or pay plaintiff the sum of $44,585.82. Judgment modified, on the facts, by deleting from the fifth and sixth decretal paragraphs the sum of $44,585.82. As so modified, judgment affirmed insofar as appealed from, with costs to plaintiff, and matter remanded to the Supreme Court, Nassau

County, for further proceedings consistent herewith. Plaintiff and defendant were married in New York City in December, 1958 and were divorced in Haiti in March, 1975. Plaintiff is a dentist who until March of 1978 maintained his practice in the former marital residence. In February, 1975 the parties had executed a separation agreement, a deed whereby plaintiff conveyed to defendant his interest in the marital residence, and a lease whereby the defendant rented to plaintiff space in the marital residence for his dental practice for a term of 10 years. After plaintiff continued his practice under the lease, litigation developed between the parties relating to plaintiff's possession under the lease in which defendant asserted that plaintiff's use of the premises for a dental practice was illegal under the local zoning ordinance. Plaintiff in this action seeks, *inter alia,* to rescind the deed executed by him and the separation agreement so far as it related to the deed and lease. The record indicates that prior to the execution of the separation agreement, deed, and lease, the wife and her attorney were aware that the lease arrangement was in violation of the zoning ordinance of the Town of Oyster Bay, and that plaintiff and his attorney were unaware of such violation. We find that no cause of action in fraud was made out by plaintiff, since in order to be actually deceived by a false representation, a party must not only believe that the representation is true, but must also be justified in taking action in reliance thereon (*Lanzi v Brooks,* 54 AD2d 1057, affd 43 NY2d 778). Here, plaintiff's attorney was not justified in relying upon his adversary's statement that the lease was legal under the zoning ordinance. Nonetheless, there was a failure of consideration, as plaintiff did not receive the long-term lease sought. A lease providing for a use of premises which is prohibited by the zoning law is not necessarily illegal where it appears that an appeals board has the authority to permit a variance (*Say-Phil Realty Corp. v De Lignemare,* 131 Misc 827; *Elk Realty Co. v Yardney Elec. Co.,* 153 NYS2d 730). "In such a situation the issue is whether there has been a failure of consideration with regard to the use of the premises, which in turn depends on what the parties had in contemplation at the time of the lease" (*Elk Realty Co. v Yardney Elec. Co., supra,* p 731). The undisputed testimony of plaintiff indicates that he was unaware of any zoning violation at the time the lease was executed. Thus, as the parties did not contemplate the need for a variance at the time the lease was negotiated, and the evidence supports the trial court's conclusion that the defendant was not amenable to procuring such a variance, there was a failure of consideration. Although there was technically no fraud present in the case at bar, it is clear that the defendant and her attorney were under a duty to reveal their knowledge of the zoning problem prior to the execution of the agreements. As noted by the Court of Appeals in *Christian v Christian* (42 NY2d 63, 72-73): "Agreements between spouses, unlike ordinary business contracts, involve a fiduciary relationship requiring the utmost of good faith (*Ducas v Guggenheimer,* 90 Misc 191, 194-195, affd *sub nom. Ducas v Ducas,* 173 App Div 884). There is a strict surveillance of all transactions between married persons, especially separation agreements (*Hendricks v Isaacs,* 117 NY 411, 417, *supra*) * * * To warrant equity's intervention, no actual fraud need be shown, for relief will be granted if the settlement is manifestly unfair to a spouse because of the other's overreaching (2 Lindey, Separation Agreements and Ante-Nuptial Contracts [rev ed], § 37, subd 5, p 37-12; cf. *Matter of Baruch,* 205 Misc 1122, 1124, affd 286 App Div 869; *Pegram v Pegram,* 310 Ky 86, 89-90)." We conclude that the behavior of the wife and her attorney in failing to disclose their knowledge constitutes overreaching in this sense and warrants equity's intervention. However, the trial court erred in computing the amount of the money judgment alternatively awarded. Plaintiff's expert had indicated that the house was worth approximately $90,000. The trial court directed defendant to convey to plain-

tiff a one-half interest in the premises or, in the alternative, to pay to plaintiff the sum of $44,585.82, representing plaintiff's interest in the premises valued at $90,000, less the amount of $414.18 awarded to defendant upon a counterclaim. The court erred in failing to take into account the outstanding mortgage on the house. Thus, the trial court should have directed defendant to pay plaintiff $44,585.82 minus half the outstanding mortgage, in the event that defendant did not wish to reconvey the half interest. The matter is remanded to the Supreme Court, Nassau County, for a determination of the correct amount. We have considered the other contentions of the parties and have found them to be without merit. Hopkins, J. P., Mangano, Rabin and Cohalan, JJ., concur.