■ JOBCO-MITCHEL FIELD, INCORPORATED, Respondent-Appellant, v JEROME LAZARUS et al., Appellants-Respondents.—In an action, *inter alia,* for a judgment declaring that the plaintiff subtenant has no further obligation to pay rent until rezoning has occurred and seeking restitution of moneys already paid, (1) the defendants appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Christ, J.), entered November 14, 1988, as granted those branches of the plaintiff's motion which were for summary judgment with respect to its first and second causes of action, and denied those branches of their cross motion which were for summary judgment dismissing those causes of action, and (2) the plaintiff cross-appeals from so much of the same order and judgment as denied interest on the sum awarded to it as restitution for rent already paid.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment with respect to the first and second causes of action are denied, those branches of the defendants' cross motion which were for summary judgment dismissing those causes of action are granted, and it is declared that the plaintiff must pay rent in accordance with the terms of the sublease; and it is further,

Ordered that the order and judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

The defendant L.B. Realty Company (hereinafter L.B.), entered into a lease with Nassau County. Pursuant to the terms of the lease, L.B. was not obligated to pay rent or taxes on the subject premises until the Town of Hempstead approved certain zoning changes, at which point L.B. would receive the right to develop the premises. Thereafter, L.B. subleased the premises to the plaintiff Jobco-Mitchel Field, Incorporated (hereinafter Jobco), with the sublease providing that Jobco would pay rent beginning on January 1, 1986, in exchange for L.B.'s right to develop the premises once rezoning occurred. The sublease further stated that the provisions in the prime

lease regarding its commencement date were not applicable to the sublease. Pursuant to the sublease, Jobco was required to pursue rezoning diligently. Jobco ceased paying rent after about two years.

Thereafter, Jobco commenced the instant action and interposed three causes of action in its complaint, i.e., (1) to recover the rent it had already paid, (2) for a judgment declaring that its obligation to pay rent would not commence until L.B.'s obligation to pay rent commenced under the prime lease, and (3) to recover damages for breach ·of the covenant of quiet enjoyment. The Supreme Court, *inter alia,* granted those branches of Jobco's motion which were for summary judgment on the first two causes of action of the complaint and granted those branches of L.B.'s cross motion which were for summary judgment solely to the extent of dismissing the third cause of action of the complaint.

A review of the prime lease indicates that the primary right L.B. obtained was a future right to develop the premises once rezoning occurred. In other words, L.B. obtained a present interest, but it was a present interest in a future estate. At common law, such an interest is referred to as an "interesse termini" (1 Rasch, New York Landlord and Tenant—Summary Proceedings § 1:4 [3d ed]; *see also, Young v Dake,* 5 NY 463; *39 Cortlandt St. Corp. v Lambert,* 209 App Div 575). Such an arrangement is valid *(see,* Restatement [Second] of Property, Landlord and Tenant § 1.8, comment A). Moreover, it is clear that L.B. had the right to transfer its right to Jobco *(see,* EPTL 6-5.1; *Becar v Flues,* 64 NY 518; *Whitney v Allaire,* 1 NY 305; *cf., Rowe v Great Atl. & Pac. Tea Co.,* 46 NY2d 62; *Toroy Realty Corp. v Ronka Realty Corp.,* 113 AD2d 882, 883; 3A Warren's Weed, New York Real Property, Options, § 5.01 [4th ed]).

Jobco argues that its rental payments to L.B. under· the sublease were not supported by consideration, since L.B. had no present right of possession to convey. We disagree. This court is empowered to construe the true nature of an instrument and is not bound by the terms employed by the parties *(see, e.g., City of New York v Pennsylvania R. R. Co.,* 37 NY2d 298; *Richmond Children's Center v Fireman's Fund Ins. Cos.,* 128 AD2d 849; *Prudential Westchester Corp. v Tomasino,* 5 AD2d 489, *affd* 6 NY2d 824). Although the sublease described the payments as rent, in fact the payments constituted compensation for the future right to develop the premises once rezoning occurred.

We also find unpersuasive Jobco's claim that the sublease is

void because of the possibility that the rezoning may never occur. The sublease expressly provided that Jobco had the burden of obtaining the rezoning and the sublease was explicitly made subject to the conditions of the prime lease. Therefore, the parties must have intended that Jobco assume the risk that the rezoning might not occur, or might not occur for a substantial period *(see, Say-Phil Realty Corp. v De Lignemare,* 131 Misc 827; *see also, Friedman Realty Co. v De Stefan,* 220 App Div 661; *Elk Realty Co. v Yardney Elec. Corp.,* 153 NYS2d 730; *see generally, Raner v Goldberg,* 244 NY 438; 1 Rasch, New York Landlord and Tenant—Summary Proceedings § 2:21 [3d ed]; *cf.,* Restatement [Second] of Property, Landlord and Tenant § 9.3).

We reject Jobco's assertion that it is entitled to restitution on the ground that it made a mistake of fact or law. Jobco voluntarily made payments for over two years without any complaint or evident misrepresentation by L.B., and it was represented by counsel who had full opportunity to explore the relevant law and to ascertain the facts. Under these circumstances, Jobco is not entitled to restitution due to mistake *(see, Gimble Bros. v Brook Shopping Centers,* 118 AD2d 532; *Birchwood Towers #1 Assocs. v Haber,* 98 AD2d 697; *see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3005:1, at 557-559). Mangano, J. P., Bracken, Kunzeman and Spatt, JJ., concur.