■ JOHN ESPOSITO et al., Plaintiffs, v SAXON HOME REALTY, INC., Defendant. (Action No. 1.) JOHN ESPOSITO et al., Plaintiffs, v SAXON HOME REALTY, INC., Respondent, and JOSEPH CREA, Appellant. (Action No. 2.) [679 NYS2d 152] —In two related actions which were joined for trial, *inter alia,* to rescind a contract for the sale of real property on the ground of fraud in the inducement, and to recover damages for legal malpractice, the defendant in Action No. 2 Joseph Crea appeals, as limited by his brief, from so much of an amended judgment of the Supreme Court, Suffolk County (Henry, J.), entered October 1, 1997, as dismissed his cross claim against the defendant Saxon Home Realty, Inc., in Action No. 2.

Ordered that the amended judgment is affirmed insofar as appealed from, with costs.

It is well settled that in a real property contract, unless the facts represented are matters particularly within one party's knowledge, the other party must make use of means available to learn, by the exercise of ordinary intelligence, the truth of such matters " 'or he will not be heard to complain that he was induced to enter into the transaction by misrepresentation' " (*Danann Realty Corp. v Harris,* 5 NY2d 317, 322). The boundaries of the subject property were not a matter particularly within the knowledge of the defendant Saxon Home Realty, Inc. (hereinafter Saxon), and could have been ascertained by the plaintiffs by means available to them through the exercise of ordinary intelligence (*see, Eisenthal v Wittlock,* 198 AD2d 395). The Supreme Court dismissed the complaint insofar as asserted against Saxon on the ground that there was no evidence of fraud on the part of Saxon. Accordingly, the Supreme Court properly granted summary judgment to Saxon dismissing the appellant's cross claim which, like the plaintiffs' causes of action, was contingent upon a finding of fraudulent inducement.

The appellant's remaining contentions are without merit. Joy, J. P., Friedmann, Krausman and Luciano, JJ., concur.