■ KEVIN FIORENTINO et al., Plaintiffs, v RECKSON ASSOCIATES REALTY CORP. et al., Respondents, and ALLSTATE INSURANCE COMPANY, Appellant. [739 NYS2d 275] —In an action to recover damages for personal injuries, etc., the defendant Allstate Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated May 10, 2001, as, in effect, upon search the record, granted summary judgment dismissing its cross claim against the defendants Reckson Associates Realty Corp. and Reckson Associates for contractual indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the contention of the defendant Allstate Insurance Company (hereinafter Allstate), under a plain reading of the lease, the contractual obligation to indemnify Allstate and to pay, inter alia, Allstate's reasonable attorney's fees on the underlying claims was only engaged if the accident giving rise to such claims occurred during the term of the lease (*see, Farrell Lines v City of New York,* 30 NY2d 76, 83; 1 Dolan, Rasch's Landlord and Tenant—Summary Proceedings §§ 6:1, 6:2 [4th ed]; *cf., Hooper Assoc. v AGS Computers,* 74 NY2d 487, 491-492). Here, the term of the lease, as defined by the lease agreement, did not commence until after the underlying accident (*see generally,* 1 Dolan, Rasch's Landlord and Tenant—Summary Proceedings § 1:4 [4th ed]; *Young v Dake,* 5 NY 463; *Jobco-Mitchel Field v Lazarus,* 156 AD2d 426, 427). Thus, the Supreme Court properly, in effect, upon searching the record, granted summary judgment dismissing Allstate's cross claim for contractual indemnification. Altman, J.P., Adams, Townes and Crane, JJ., concur.