■ CULVER & THEISEN, INC., Appellant, v STARR REALTY COMPANY (NE) LLC, Respondent. [763 NYS2d 84] —In an action, inter alia, to rescind a lease, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated February 4, 2002, as granted those branches of the defendant's motion which were to dismiss the first through fifth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff entered into a lease with the defendant for the exclusive use of a portion of the defendant's property to erect and maintain an advertising display. The plaintiff contends that prior to executing the lease, in order to induce it to enter the agreement, the defendant made oral representations to the plaintiff's vice-president that the plaintiff would be able to legally erect the display on the site. After paying rent under the lease for 29 months, the plaintiff discovered that the applicable zoning ordinance prohibited the construction and maintenance of a billboard at the contemplated location, and as a result, the New York City Department of Buildings would not issue a permit to erect a billboard (see New York City Zoning Resolution § 32-66).

It is well settled that with respect to a real property contract, unless the facts represented are matters particularly within one party's knowledge, the other party must make use of the means available to learn, by the exercise of ordinary intelligence, the truth of such matters "or he [or she] will not be heard to complain that he [or she] was induced to enter into the transaction by misrepresentation" (*Danann Realty Corp. v Harris,* 5 NY2d 317, 322 [1959]; *Schumaker v Mather,* 133 NY 590, 596 [1892]; *Esposito v Saxon Home Realty,* 254 AD2d 451 [1998]). Here, the plaintiff had ample time to conduct an independent investigation, since the lease gave it a six-month time-limited right to cancel the agreement if it was unable to obtain the permits to erect the billboard. The plaintiff's failure to ascertain for itself the restrictions of the zoning resolution precludes its first cause of action alleging fraudulent inducement (*see DiFilippo v Hidden Ponds Assoc.,* 146 AD2d 737, 738 [1989]).

The plaintiff's second cause of action for rescission based

upon mutual mistake was properly dismissed, since there was no mistake in the lease that the plaintiff would be able to obtain the requisite permit. The lease provided that the plaintiff agreed to obtain all permits to erect the display, and, as stated previously, gave it a six-month limited right to cancel the agreement if it was unable to obtain the permits. Since the plaintiff had the opportunity to ascertain whether or not it could erect the display, it cannot argue that the lease should be rescinded to avoid the consequences of its own negligence (*see Da Silva v Musso,* 53 NY2d 543, 551 [1981]; *Lowe v Steinman,* 284 AD2d 506, 508 [2001]; *Industron Assoc. v United Innovations,* 259 AD2d 592, 593 [1999]). Moreover, the plaintiff's third cause of action for rescission based upon unilateral mistake was properly dismissed, since the plaintiff's mistake of failing to ascertain whether the applicable zoning ordinance would permit it to erect a display was a failure of ordinary care, which precludes that claim (*see Surlak v Surlak,* 95 AD2d 371, 384 [1983]).

The plaintiff's fourth cause of action for rescission based upon lack of consideration was properly dismissed, since the possibility that the plaintiff would be unable to obtain a permit was anticipated by the parties at the time the agreement was executed, and the risk of failure to terminate on that basis was intentionally placed on the plaintiff (*cf. Verschell v Pike,* 85 AD2d 690, 691 [1981]). In consideration of the possibility that the plaintiff would be unable to obtain the permit, the defendant granted the plaintiff a free look period and the right to cancel the lease during that time period (*see Jobco-Mitchel Field v Lazarus,* 156 AD2d 426, 428 [1989]). The plaintiff's fifth cause of action for rescission based upon illegality was also properly dismissed, since a lease which provides for the use of premises which is prohibited by a zoning law is not necessarily illegal where the parties considered this possibility at the time of execution, and the lease contained a provision addressing it (*id.*).

We have not considered the defendant's contention that the Supreme Court erred in failing to dismiss the plaintiff's 10th cause of action, which sought to recover damages for wrongful eviction, as the defendant failed to cross-appeal from the Supreme Court's order *(see generally Hecht v City of New York,* 60 NY2d 57 [1983]). Krausman, J.P., Townes, Mastro and Rivera, JJ., concur.