■ YANIRY VASQUEZ et al., Respondents, v WILSON SOTO et al., Respondents, and CENTURY 21 TRY US REALTY, INC., et al., Appellants, et al., Defendants. [877 NYS2d 467]—

In an action to recover damages for fraud and negligent misrepresentation, the defendants Century 21 Try Us Realty, Inc., and Sonia Morris Realty, Inc., appeal from an order of the Supreme Court, Westchester County (Loehr, J.), entered

September 29, 2008, which denied their motion for summary judgment dismissing the complaint and the cross claim of the defendants Wilson Soto, Wanda Negron, and Soto, Sanchez & Negron insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the appellants' motion for summary judgment dismissing the complaint and the cross claim of the defendants Wilson Soto, Wanda Negron, and Soto, Sanchez & Negron insofar as asserted against them is granted.

CPLR 3212 (a) provides that any party may move for summary judgment once issue has been joined. The court may "set a date *after* which no such motion may be made" which must be at least 30 days after the filing of a note of issue (CPLR 3212 [a] [emphasis supplied]). The court has no authority to require the filing of a note of issue as a prerequisite to a motion for summary judgment, since CPLR 3212 (a) clearly states that a motion for summary judgment may be made once issue has been joined (*see Richard's Home Ctr. & Lbr. v Kownacki,* 247 AD2d 371 [1998]).

In their complaint, the plaintiffs claim that the appellants, acting as sales agents for the defendants sellers of real property, affirmatively misrepresented that a house on the subject property was a legal two-family dwelling, while its certificate of occupancy was for a one-family dwelling. The complaint states that the plaintiffs' attorney ordered a title search, revealing that the certificate of occupancy for the property was for a one-family dwelling. However, the plaintiffs' attorney did not notice this discrepancy, so the parties proceeded to closing.

An affirmative misrepresentation does not give rise to liability if the true facts could have been ascertained by the plaintiffs "by means available to them through the exercise of ordinary intelligence" (*Esposito v Saxon Home Realty,* 254 AD2d 451 [1998]; *see Culver & Theisen v Starr Realty Co. [NE],* 307 AD2d 910 [2003]). Further, an element of a cause of action sounding in fraud or negligent misrepresentation is reasonable or justifiable reliance on the misrepresentation (*see J.A.O. Acquisition Corp. v Stavitsky,* 8 NY3d 144, 148 [2007]; *Zumpano v Quinn,* 6 NY3d 666, 674 [2006]). Where, as in this case, the true information is provided in the title report provided to the plaintiffs' attorney prior to the closing, any reliance by the plaintiffs on the misrepresentation is not reasonable or justifiable (*see Bennett v Citicorp Mtge., Inc.,* 8 AD3d 1050 [2004]).

The appellants established, prima facie, their entitlement to judgment as a matter of law. In opposition, no triable issue of fact was raised. Accordingly, the Supreme Court should have

granted the appellants' motion for summary judgment dismissing the complaint and the cross claim of the defendants Wilson Soto, Wanda Negron, and Soto, Sanchez & Negron insofar as asserted against them. Prudenti, P.J., Santucci, Florio and Belen, JJ., concur.