Rudolph, EJ.
(dissenting and voting to affirm the final judgment, insofar as appealed from, in the following memorandum). At the trial in this commercial nonpayment proceeding, tenant’s principal conceded that tenant had stopped paying rent three months after the lease had commenced. Landlord’s principal testified, inter alia, that he had been unaware that he needed any permits when he had expanded the restaurant 20 years earlier, and that he had been unaware that there were any zoning problems with the premises. After the nonjury trial, the District Court specifically found, based on its credibility determinations, that tenant had failed to establish any misrepresentation on the part of landlord.
The decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court’s conclusions could not be reached under any fair interpretation of the evidence (see e.g. Claridge Gardens v Menotti, 160 AD2d 544 [1990]). Furthermore, the determination of the trier of fact as to issues of credibility is given substantial deference as the court has the opportunity to observe and evaluate the testimony and demeanor of the witnesses, thereby affording the trial court a better perspective from which to evaluate the credibility of the witnesses (see e.g. Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). Here, the record supports the District Court’s determination that none of tenant’s equitable defenses were established.
*108 Indeed, there was a clear contractual provision in the lease addressing the zoning issues, whereby tenant could cancel the contract at any time by written notice if it was unable to obtain the necessary zoning approval to use the premises as a restaurant. The lease provided as follows:
“This Lease shall be contingent upon Tenant’s ability to obtain any zoning approval or variance which might be required in connection with the intended use of the Demised Premises. In the event Tenant cannot obtain the requisite approvals from any municipality or agency for its intended use, and Landlord has made no representations regarding Tenant’s ability to obtain such approvals, either party may cancel this lease upon ten (10) days notice to the other party.”
Tenant never gave landlord notice that it wanted to cancel the lease pursuant to that provision, and so the agreement was never cancelled (see J. Petrocelli Constr., Inc. v Realm Elec. Contrs., Inc., 15 AD3d 444 [2005]; Blumberg v Florence, 143 AD2d 380 [1988]). As tenant failed to exercise its right to cancel the agreement when tenant discovered that it was unable to obtain the necessary permits, tenant cannot now seek to assert as a defense that rescission of the lease is warranted (see Culver & Theisen v Starr Realty Co. [NE], 307 AD2d 910 [2003]). In Culver, the plaintiff brought an action seeking, among other things, to rescind a lease based on fraudulent inducement, unilateral mistake, mutual mistake, lack of consideration, and illegality, because the plaintiff was unable to obtain the permits necessary to use the premises for the purpose contemplated by the lease. The Appellate Division, Second Department, upheld dismissal of all of those causes of action because the lease gave the plaintiff a six-month period in which to cancel the agreement if the plaintiff was unable to obtain necessary permits to use the premises as intended, and the plaintiff failed to exercise that option (Culver, 307 AD2d at 910-911). As to the plaintiffs claim of mutual mistake, the Court stated: “The plaintiff’s second cause of action for rescission based upon mutual mistake was properly dismissed, since there was no mistake in the lease that the plaintiff would be able to obtain the requisite permit” {id.). Similarly, in this case, there was no basis to find that the lease was entered into as a result of any misrepresentation by landlord or through mutual mistake, as the lease specifically contemplated and provided for the very possibility that tenant would not be able to obtain the required permits.
*109 Consequently, tenant’s own failure to invoke the express provision of the lease forecloses any attempt now to assert as a defense that rescission of the lease is warranted based on fraud, misrepresentation, mistake, lack of consideration or illegality, and the final judgment, insofar as appealed from, should be affirmed.
Tanenbaum and LaCava, JJ., concur; Rudolph, EJ., dissents in a separate memorandum.