■ Ricky Colasacco et al., Respondents, v Robert E. Lawrence Real Estate et al., Appellants. [890 NYS2d 114]—

In October 2002 the defendant Christopher DiCorato, a real estate agent employed by the defendant Robert E. Lawrence Real Estate (hereinafter Lawrence, and hereinafter together the defendants), met with the plaintiffs and showed them a parcel of vacant property that was for sale in Stamford, New York. DiCorato allegedly walked the property with the plaintiffs, showed them the boundary lines and markers, and provided them with a survey of the property. In or around January 2003 the plaintiffs purchased the subject property, and thereafter constructed a home on it. In or around March 2006, when the plaintiffs were attempting to sell the subject property, they learned that their home was partially situated on land owned by a neighbor. To correct the error, the plaintiffs, inter alia, purchased that portion of the neighbor's property upon which their home was located.

In April 2008 the plaintiffs commenced an action against the defendants in Supreme Court, Westchester County, to recover damages for negligence. By decision and order entered October 2, 2008, the Supreme Court granted the defendants' motion to dismiss the complaint as time-barred without prejudice to the commencement of a new action. On October 8, 2008 the plaintiffs commenced the instant action by the filing of a summons and verified complaint. The complaint alleged one cause of action sounding in fraud and one cause of action sounding in "mistake." Affording the second cause of action a liberal construction, we find that it is actually in the nature of one sounding in negligent misrepresentation. The crux of both causes of action was that DiCorato, an employee of Lawrence, in his role as a real estate agent for the sale of the subject property, misrepresented to the plaintiffs the location of the property's boundary lines and that the plaintiffs relied upon those misrepresentations to their detriment. The Supreme Court denied the defendants' motion to dismiss the complaint. We reverse.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the pleading is to be afforded a liberal construction and the plaintiff accorded the benefit of every possible inference (*see Leon v Martinez,* 84 NY2d 83, 87 [1994]). The court's function on a motion to dismiss pursuant to CPLR 3211 (a) (7) is to determine whether the plaintiff's factual allegations fit within any cognizable theory, without regard to whether the allegations ultimately can be established (*see Union State Bank v Weiss,* 65 AD3d 584 [2009]).

CPLR 3016 (b) provides, in relevant part, that "[w]here a cause of action or defense is based upon misrepresentation, fraud, mistake . . . the circumstances constituting the wrong shall be stated in detail." The specificity requirements are relaxed where it is alleged that the particular circumstances of the alleged fraud are peculiarly within the defendants' knowledge (*see Pludeman v Northern Leasing Sys., Inc.,* 10 NY3d 486, 491-492 [2008]; *Pericon v Ruck,* 56 AD3d 635, 636 [2008]).

"The essential elements of a cause of action sounding in fraud are a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (*Orlando v Kukielka,* 40 AD3d 829, 831 [2007]; *see Ross v DeLorenzo,* 28 AD3d 631, 636 [2006]). Here, the complaint fails to allege the elements of fraud with sufficient specificity. In particular, the complaint fails to allege that DiCorato's alleged misrepresentations to the plaintiffs were known by the defendants to be false. Furthermore, it is clear from the face of the complaint that the plaintiffs' supposed reliance upon DiCorato's alleged misrepresentations concerning the location of the property's boundary lines was unreasonable as a matter of law (*see Orlando v Kukielka,* 40 AD3d at 831). There was no allegation in the complaint that the dimensions and boundary lines of the subject property were within the exclusive knowledge of the defendants. Indeed, the plaintiffs could easily have ascertained these facts through the use of ordinary means (*see Esposito v Saxon Home Realty,* 254 AD2d 451 [1998]; *Bennett v Citicorp Mtge., Inc.,* 8 AD3d 1050 [2004]; *Mosca v Kiner,* 277 AD2d 937, 938 [2000]). Accordingly, the Supreme Court should have dismissed the fraud cause of action pursuant to CPLR 3211 (a) (7).

Similarly, the cause of action sounding, in effect, in negligent misrepresentation also fails to meet the specificity requirements of CPLR 3016 (b). Furthermore, in order to prevail on such a cause of action, a plaintiff must establish that the defendant

had a duty to use reasonable care to impart correct information due to a special relationship between the parties, that the information was incorrect or false, and that the plaintiff reasonably relied upon the information (*see Grammer v Turits,* 271 AD2d 644, 645 [2000]). The complaint fails to allege that the defendants had a duty to the plaintiffs to impart correct information arising out of a special relationship between them. Moreover, as with the fraud cause of action, the complaint fails to allege circumstances under which the plaintiffs' reliance upon DiCorato's alleged misrepresentations could be considered reasonable or justifiable. Thus, the Supreme Court should also have dismissed the second cause of action pursuant to CPLR 3211 (a) (7). Dillon, J.P., Miller, Angiolillo and Dickerson, JJ., concur.