Jackson v Islam (2025 NY Slip Op 00438)

Jackson v Islam

2025 NY Slip Op 00438

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-07836
 (Index No. 703292/21)

[*1]Geneva Jackson, plaintiff, 
v
Mohammed Islam, et al., respondents, Karen Jackson, appellant.

Michael Ferro, Melville, NY (Patricia McDonagh and Martha E. Donovan of counsel), for appellant.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Karen Jackson appeals from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), dated June 14, 2023. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Karen Jackson for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her is granted.
The plaintiff commenced this action against the defendant Karen Jackson and the defendants Mohammed Islam and Mohammed Mainuddin to recover damages for injuries she alleged she sustained when the vehicle in which she was a passenger, which was being operated by Karen Jackson, was struck in the rear by a vehicle owned by Islam and operated by Mainuddin. Before the note of issue was filed, Karen Jackson moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her. In an order dated June 14, 2023, the
Supreme Court denied the motion, on the ground that a compliance conference order stayed any motions pursuant to CPLR 3212 pending the filing of a note of issue. Karen Jackson appeals.
"CPLR 3212(a) provides that any party may move for summary judgment once issue has been joined. The court may 'set a date after which no such motion may be made' which must be at least 30 days after the filing of a note of issue (CPLR 3212[a]). The court has no authority to require the filing of a note of issue as a prerequisite to a motion for summary judgment, since CPLR 3212(a) clearly states that a motion for summary judgment may be made once issue has been joined" (Vasquez v Soto, 61 AD3d 968, 969 [emphasis omitted]; see Richard's Home Ctr. & Lbr. v Kownacki, 247 AD2d 371, 372). Accordingly, the Supreme Court should not have denied Karen Jackson's motion on that ground.
Turning to the merits, Karen Jackson established her prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against her by submitting evidence that she was slowing to a stop owing to traffic conditions ahead when [*2]the front of the vehicle operated by Mainuddin struck the rear of the vehicle operated by her. In opposition, Mainuddin and Islam failed to submit evidence in admissible form which would raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562; Yassin v Blackman, 188 AD3d 62; Perez v Persad, 183 AD3d 771, 772).
DUFFY, J.P., BARROS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court